## BATEMAN v. DANIELS and Another.

5b 71
136 597

To a suit for unliquidated damages, the defendant may plead that he had delivered to the plaintiff, and that the plaintiff had received from him, goods of less value than the sum claimed, in satisfaction of the demand.

ERROR to the *Allen* Circuit Court.

<span style="float:right">Monday, May 20.</span>

SULLIVAN, J.—The plaintiff in this case sued on an indenture of lease and laid his damages at 300 dollars. The defendants pleaded that the testator in his lifetime, and after the breach of said covenant, delivered to the plaintiff goods, wares, and merchandise of the value of 100 dollars, in full satisfaction and discharge of the damages in said declaration mentioned, and of all the damages sustained by the plaintiff by reason of the non-performance of said covenant by defendants; and that the plaintiff then and there re-

ceived said goods, &c. in full satisfaction and discharge of said 300 dollars, and of the damages sustained by the plaintiff by reason of the breach of said covenant, &c. To this plea the plaintiff filed a general demurrer. The Court overruled the demurrer and gave judgment for the defendants.

The plaintiff in error contends that the plea is insufficient, because the payment of a less sum than is claimed in damages is pleaded in satisfaction of the sum so claimed.

The rule is, that the payment of a less sum, after a debt becomes due, cannot be pleaded in satisfaction of the whole debt. *Cumber* v. *Wane*, 1 Strange, 426.—*Fitch* v. *Sutton*, 5 East, 230. But in *Watkinson* v. *Inglesby et al.* 5 Johns. R. 390, the Court remarked that the cases in which the law had been so adjudged, went upon the ground that it was apparent and palpable that the sum paid could not have been a satisfaction of the sum due.

In the present case the damages were unascertained and uncertain, and the rule cannot apply to it. In cases where the damages are unliquidated, the payment of a less sum than that demanded, may be pleaded as a satisfaction of the whole demand. *Wilkinson* v. *Byers*, 1 Adolp. & Ellis, 106. See, also, *Steinman et al.* v. *Magnus*, 11 East, 390.—1 Ld. Raym. 122.—2 H. Bl. 317.—*Pinnel's Case*, 5 Co. 117 (1).

The Court did right in overruling the demurrer, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*H. Cooper*, for the plaintiff.

(1) Payment of a less sum on the day, in satisfaction of a debt of a greater amount, cannot be any satisfaction for the whole. The gift of a horse, &c. in satisfaction is good. *Pinnel's Case*, 5 Co. R. 117. Payment of part *before* the day in full satisfaction, and acceptance thereof in full satisfaction, may be pleaded in bar to an action of debt. *Ibid.*

A security of equal degree for a smaller sum, if it present no easier or better remedy, cannot be pleaded in satisfaction for the larger one ; thus, the giving of a promissory note for 5*l.* cannot be pleaded as a satisfaction of a debt of 15*l.* *Cumber* v. *Wane*, 1 Strange, 426.

If a chattel of any kind be, by the agreement of the parties, given and accepted in satisfaction of a debt, it is a good discharge. It is not required that the chattel should be of equal value, for the party receiving it is always taken to be the best judge of that in matters of uncertain value. *Andrew* v. *Boughey*, 1 Dyer, 75. *Per Denman*, C. J. in *Thompson* v. *Percival*, 5 B. & Adol. 925.

In the case—not of a liquidated debt—but of an unliquidated demand of damages, the acceptance of a smaller sum than the plaintiff may have originally claimed, is a satisfaction of his whole demand.

This appears by the following case. The declaration (in assumpsit) stated that *T. R.*, as the defendant's attorney, and in the defendant's name, had sued the plaintiff in the Palace Court for 13*l*. 10*s*. which action was depending ; and thereupon, in consideration that the plaintiff would pay the defendant the 13*l*. 10*s*., the defendant promised the plaintiff to settle with the said attorney for the costs of the action, and indemnify the plaintiff against them ; that plaintiff accordingly paid the 13*l*. 10*s*.; but that defendant neglected to settle with the attorney, who proceeded with the action, and signed judgment against the plaintiff, who was obliged to pay 7*l*. 10*s*. costs, and 3*l*. in endeavoring to set aside the judgment. At the trial, on the general issue, it appeared that Byers, the present defendant, was a wood-turner, who had done work for Wilkinson, the present plaintiff, to recover a compensation for which the action had been brought. A verdict was found for the plaintiff, subject to the opinion of the Court, upon the question, whether, as the payment of the 13*l*. 10*s*. was a payment in discharge of an admitted debt, it could be any consideration for the defendant's promise to indemnify the plaintiff against the costs of the Palace Court action. The Court held that the verdict was right.

"The case, " said Parke, J., " may be decided shortly on this ground. If an action be. brought on a *quantum meruit*, and the defendant agree to pay a less sum than the demand in full, that is a good consideration for a promise by the plaintiff to pay his own costs, and proceed no further. Payment of a less sum than the demand has been held to be no satisfaction in the case of a liquidated debt, but where the debt is unliquidated, it is sufficient. Now, here we cannot say that there was originally any certain demand. A jury, if asked, could not, in my opinion, have said so. In the great majority of actions of this nature, for work, labour, and goods sold, it is not a specific sum that forms the subject matter of the action ; and, unless that could have been shown in the present case, there was a good consideration for the promise." *Wilkinson* v. *Byers*, 1 Adol. & Ell. 106. Vide, 1 Smith's Lead. Cas. 146.