Nov. Term,
1848.

FITZGERALD
v.
SMITH.

---

FITZGERALD *v.* SMITH and Others.

The defendants converted 1,260 canal land certificates. The plaintiff executed a release to one of the defendants, in consideration of the return by the defendants to the plaintiff of 960 of the certificates. *Held*, that the release was no bar to an action of trover for the recovery of the remainder.

Saturday,
February 10,
1849.

ERROR to the *Grant* Circuit Court.

PERKINS, J.—Trover. The action was commenced in the *Miami*, and removed, by change of venue taken by the plaintiff, to the *Grant* Circuit Court. There are two counts in the declaration. The first is for the conversion of "400 canal land certificates, commonly called canal scrips, of the denomination of 5 dollars each," and of the aggregate value of 2,000 dollars. The second is for the conversion of "divers other canal land certificates," of the denomination of 5 dollars each and of the aggre-

gate value of 2,000 dollars. The defendants pleaded, thirdly, to the action, a release, of which the plaintiff obtained oyer. It was in the usual form, releasing *Jonathan R. Smith*, one of the defendants, "from all causes of action, debts, contracts, trespasses, damages, judgments, claims, and demands whatsoever, either in law or equity," &c., "by reason of any matter, cause, or thing whatever." The plaintiff replied to the plea, *precludi non*, because, he said, that before the commencement of the suit and before the execution of said release, to-wit, &c., he was lawfully possessed, as of his own property, of divers, to-wit, of 1,260 canal land certificates, or canal scrips, commonly so called, of the denomination of 5 dollars and of the value, in all, of 6,300 dollars, of which said certificates those mentioned in the declaration are part and parcel, and being so possessed he, the said plaintiff, afterwards, to-wit, on, &c., and before the execution of said release, and before the commencement of this suit, at, &c., casually lost the same, and that the same afterwards, &c., and before the execution of said release, and before the commencement of this suit, came to the possession of said defendants by finding; yet the said defendants, well knowing, &c., and that the said canal land certificates, were the property of said plaintiff, &c., continuing, &c., did not deliver the said certificates, or any of them, to the said plaintiff, although often requested, &c.; and afterwards, and before the commencement of this suit, and before the execution of said release, &c., converted the same to their own use, to the damage, &c. And the plaintiff further saith that afterwards, and after the aforesaid conversion, and before the commencement of this suit, at, &c., the said defendants, in consideration that the plaintiff would execute said release, offered to deliver up to him 960 of said certificates, so converted, &c.; and the plaintiff further avers that afterwards, and before the commencement of this suit, the said defendants, in pursuance of said agreement, did deliver up to the said plaintiff the said 960 canal land certificates, &c.,

HARVARD LAW SCHOOL LIBRARY

and for no other or different consideration; wherefore said plaintiff says that said release, as to the residue of said certificates so converted, &c., and which the plaintiff avers are the certificates mentioned in the declaration for which this suit is brought, was executed without consideration, &c. Demurrer to this replication sustained and final judgment for the defendants.

The release pleaded was to one of the joint tortfeasors, but if valid as to him, it seems, though we need not decide the point here, it discharged all from liability. *Allen* v. *Wheatly*, 3 Blackf. 332.

Several other issues than that upon the replication to the third plea were made, and decided in the Court below for the defendants, but what we shall necessarily say in considering the one we have stated, will indicate our opinion upon all those issues.

The substance of the allegations raising the question upon which we make our decision, is as follows: The plaintiff declares for the conversion of 400 canal land certificates, (for it is alleged in all the pleas that both counts in the declaration are for the conversion of the same certificates, and the fact is admitted in argument). The defendants plead a sealed release. The plaintiff replies, in a manner somewhat analogous to the making of a new assignment, that the defendants converted 960 other and different canal land certificates of his, and that it was in consideration of their return, and for no other, that he gave the release pleaded, and that, hence, though it is general in its terms, it is without consideration as to those for the conversion of which this suit is brought— being 300, as shown by the replication, and not 400 as laid in the declaration. This replication, if well pleaded, and we think it is, the demurrer admits. We cannot put this case on the ground of a gift. *Chitty*, in his work on contracts, p. 50, says: "A *gift* is not good and binding unless it be by deed, or unless the thing which forms the subject of the gift be actually delivered to the donee." Here was no actual delivery of the certificates by the do-

nor to the donee; and as to the mode of making gifts by deed, it was adopted because a deed imported a consideration, and hence indicated a valid contract and not a mere gift, and precluded evidence to the contrary; but under our statute, as will appear from what is said below, this mode, simply of itself, would be unavailing; and the parties to this case have not rested it upon the ground of a gift.

A release without consideration, where the fact could be shown, was void at common law, and if executed without a seal, its want of consideration might be shown. *Jackson* v. *Stackhouse*, 1 Cowen 122. But if sealed it then, like all other specialties, imported a consideration which, at law, could not be controverted. *Leonard* v. *Bates*, 1 Blackf. 172.—1 Chit. Pl. 362, note 2. Our statute, however, has abrogated this rule of the common law. By it, the consideration of any specialty, when made the foundation of, or set up as a defence to, an action, may be inquired into in like manner as though it were a simple instrument. R. S. 710, s. 214.—*Leonard* v. *Bates, supra.*— *Patterson* v. *Salmon*, 3 Blackf. 131. The release in this case was pleaded as a defence to the suit, and the question therefore arises, does the replication show it to have been given without consideration? It exhibits these facts —that the defendants were wrongfully in possession of 1,260 canal land certificates, the property of the plaintiff, and that, upon the plaintiff's releasing them generally from liability, they returned to him 960 of those certificates. The question may, perhaps, be more distinctly presented thus: A man tortiously seizes and leads away two of his neighbor's horses. The neighbor calls for them, and is informed that he can have one of the horses by relinquishing his claim to the other. He makes the relinquishment and receives back one of his horses. Is that relinquishment upon a valid consideration? We say not. The delivery up of one horse which the party was legally bound to return, would only be a consideration for a discharge from that obligation, not from that and another. It is true that, by such decision, the party releasing

is enabled to break a promise with impunity, but it is one the opposite party had no right to extort, and which, having been, properly or improperly we do not say, made under such circumstances, it seems to us, putting the case upon this ground, both justice and sound policy forbid should be enforced in a Court of justice.. There is, however, no good consideration for it, and we need inquire no further. There are cases settling closely analogous principles. The payment of a part of a note, when due, is no consideration for a promise to extend the time of payment as to the residue. *Miller* v. *Holbrook*, 1 Wend. 317. Much less, to relinquish the payment altogether. Payment of a part of any liquidated debt, when all is due, is not, of itself, a consideration that will support a plea of accord and satisfaction as to the balance. *Bateman* v. *Daniels*, 5 Blackf, 71, and notes.—1 Smith's L. C. 146.—*Sibree* v. *Tripp*, 15 M. & W. 23 (1). We see no difference in principle between those and the present case. Here, the plaintiff had a demand for 1,260 canal land certificates, each of the denomination of 5 dollars; was entitled to receive exactly that number without regard to what might be their value, and might have brought replevin for them. A part were given up, upon the condition of a release of the claim to all being executed. It is, in reality, but the payment of part of a certain demand upon condition of the balance being surrendered.

We may remark that we do not design this decision to extend beyond the precise facts stated in the replication. If it was the intention of the plaintiff to make a gift of the unreturned certificates to the defendants, or there was a dispute as to the true number due, or the defendants, as bailors, had expended money or care and trouble about the keeping of said certificates, for which they were entitled to and claimed reward, these are circumstances that may vary the case. There is one other state of facts which we do not design this decision to reach, and upon which we give no opinion. Suppose the release in this case had been given after suit commenced and after the

defendants had actually parted with all the certificates and converted them into money.  The plaintiff's claim in suit would then have been for damages for the converted certificates.  Suppose, under these circumstances, he had agreed to release, and had released, the defendants, upon their obtaining from those who might then hold them, and returning to him, 960, or any number of those certificates?  Would these facts have shown a consideration?

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt,* for the plaintiff.

*H. P. Biddle,* for the defendants.

(1) An agreement to accept a collateral thing in satisfaction of a pre-existing debt, is executed by a delivery to a person appointed by the party to receive it, and is a good accord- and satisfaction.—*Anderson* v. *Pres. & Directors & Company of H. Turnpike,* 16 Johns. 36.

Acceptance of a less, cannot be a satisfaction in law of a greater sum than due: nor can it operate as an extinguishment of the original cause of action, though accompanied by a conditional promise to pay the residue when of ability.—*Fitch* v. *Sutton,* 5 East. 230.

The acceptance of *other security,* though for a less sum than the original debt, as a satisfaction for the whole debt, is a valid discharge on the ground of accord and satisfaction.  *Le Page* v. *McCrea,* 1 Wend. 164.

See *Booth* v. *Smith,* 3 id. 66.

Where the thing given in satisfaction differed in quality from the thing demanded, the Courts never felt any difficulty to allow it to be a good satisfaction; as where a robe, or a hawk, were pleaded to have been given in satisfaction of a pecuniary demand; because the value of these things was, in some measure, arbitrary, and they might possibly be an equivalent to the plaintiff for his money; and the Court would *intend* that there was *some circumstance* which stamps a value on them in the eye of the plaintiff beyond that which they might seem to bear.  But they thought it too much for them to intend that a less sum could be a satisfaction for a greater, a part for the whole, unless some circumstance that might make it so were stated.—1 Bacon's Abrigt. 41, letter *a,* note.