## QUARLE v. JONES.

EVIDENCE.—In an action upon a note, against the principal and surety, by an endorsee, under an issue tendered by the surety, in his answer that the note was paid before its pretended endorsement to the plaintiff, it is competent for the surety to prove that the note was given for the debt of the principal to the payee, and that the principal called at the payee's house, and told him the note, (being secured by mortgage,) was a lien on land then owned by his wife and children, and said if the payee would throw off about what it would cost to collect the note, he could have the money on it, which the payee agreed to do, and that he then paid the full amount of the note, less the amount thrown off, and the payee handed him the note, which he, soon after, handed back to the payee, and requested him to endorse it in writing to the plaintiff, which, after some objections, he did, upon his assurance that there

Quarle *v.* Jones.

should never be any trouble about it.  Such testimony tended to show that the note was paid before endorsement, and at the time of endorsement, was therefore *functus officio*.

. APPEAL from the *Bartholomew* Common Pleas.

WORDEN, J.—Suit by *Quarle* against *Jones* and *Lafever* upon a promissory note, made by the defendants to one *Thomas Wilkerson*, and by the latter endorsed, without recourse to the plaintiff.  Judgment by default against *Lefever*.  *Jones* answered, alleging payment of the note to *Wilkerson* before the assignment.  Issue, trial by jury, verdict and judgment for defendant *Jones*.

The plaintiff appeals and seeks to reverse the judgment on two grounds.  1. That the Court permitted improper evidence to go to the jury; and 2. That the verdict is not sustained by the evidence.

*Wilkerson,* the payee and indorser of the note, testified as follows:  "It, the note, was given as follows: I held a note against *Samuel L. Lefever*, and that was taken up, and *Lefever* gave me the note now sued on, in its place, and the note now sued on was secured by a mortgage executed by *Jones* to me. I always understood that the note sued on was *Lefever's* debt, and *Jones* was surety.  *Lefever* paid the interest on it, annually.  Along in the 1st of *March*, 1859, *Lefever* came down to my house, on the cars, and told me he came to lift the note.  He said it was a lien on land, at that time owned by his wife and children.  He wanted me to throw off a part. He told me if I would throw off about what it would cost for an attorney to collect it, that I could have the money on it.  He stayed all night at my house, and the next morning I agreed to throw off the note, I think, 27 dollars and 65 cents.  *Lefever* accepted the proposition, and he then paid me the full amount of the note, less the amount thrown off. When he handed me the money I handed him the note.  He

afterwards handed me back the note and said he wanted me to transfer it by indorsement in writing to *Vincent A. Quarle*, but I did not like to indorse it much, and objected to doing so, and he told me there should never be any trouble about the note, and I then did indorse it in writing, on the back of the note."

The plaintiff excepted to the introduction of so much of the above evidence as related to the manner, terms, and circumstances of the indorsement of the note, for the reason that parol evidence could not control a written indorsement and that it was not relevant to the issue. The objection, we think, was clearly not well taken. We see nothing in the testimony that would in any degree violate the rule excluding parol evidence to contradict or vary the legal effect of a written instrument. It is clear that, if the note was paid to *Wilkerson* before indorsement, it was *functus officio*, and the indorsement of it by the payee to the plaintiff, could not revive it and give the latter a right of action against the makers. The evidence tended to prove such payment, and was relevant to the issue found.

We have examined the evidence carefully, and although the weight of it may not accord with the verdict, yet it is such that under the well established rules of this Court, we can not disturb the decision of the Court below, in overruling a motion for a new trial.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Francis T. Hord,* for the appellant.

*Thos. A. Hendricks* and *Stansifer & Herod,* for the appellee.