## Stone v. Lewman.

JUDGMENT.—PROMISE TO SATISFY.—To a suit upon a judgment, the defendant answered that the judgment had been obtained by fraud, in his defendant's, absence, and that defendant, when he became aware of the judgment, and within the time allowed by law, was about to commence proceedings to set aside said judgment, but the plaintiff, in consideration that the defendant would not institute such proceedings, and in consideration of the release of a claim which defendant then held against him, promised and agreed to satisfy and release said judgment, &c.

*Held,* that the facts pleaded constituted a good answer.

PLEADING.—When a defense which goes only to a part of the cause of action is pleaded to the whole, the answer is bad.

SAME.—A pleading should allege facts, and not evidence.

ACCORD AND SATISFACTION.—The release of a fixed and ascertained debt is not of itself a sufficient consideration to support an accord and satisfaction of an ascertained debt for a larger sum.

APPEAL from the *Putnam* Common Pleas.

FRAZER, J.—Suit upon a judgment. The defendant was successful below, and the plaintiff appeals.

The fourth paragraph of the answer, a demurrer to which was overruled, alleged that the judgment sued on had been obtained in the defendant's absence, and without his personal knowledge, by the plaintiff's fraudulent suppression of the facts, upon an account which had been fully satisfied; that the defendant returned to this State, within a year from the rendition of the judgment, and being about to commence proceedings to be relieved against it, of which the plaintiff had notice, the latter promised to enter satisfaction of the judgment, in consideration that the defendant would not prosecute proceedings for relief, and would not press the collection of a demand held by him against the plaintiff, which the defendant promised and faithfully performed, relying upon the plaintiff to enter satisfaction of the judgment, which he supposed had been done until served with process in this suit, too late, under the statute,. to institute proceedings for relief against the judgment..

We perceive no error in overruling the demurrer to this defense. If its averments be true, the collection of the judgment would now be a gross fraud upon the defendant, which cannot find countenance in the law. All the conditions of an estoppel appear.

The fifth paragraph of the answer pleaded in bar of the whole action a set-off of $394 75. The judgment sued on was for $998. To this paragraph, there was also a demurrer, which was overruled. It should have been sustained. A defense pleaded in bar of the whole cause of action, which is only good as to a part of it, is bad. This was well settled at common law. There is nothing in the code changing the rule, and it has been held still to exist. *Feaster* v. *Woodfill*, 23 Ind. 493.

The appellant's counsel urges another objection to the paragraph, to-wit: that the account relied upon as a set-off was in suit in the action in which the present plaintiff obtained the judgment now sued on. We cannot, from the record before us, say that that is true. The items and amounts are the same, but we do not think that, in a question of pleading, the inference of identity can be drawn. It is probable that we would not reverse the judgment because of the error below in overruling the demurrer to this paragraph of the answer. It is evident that it did not injure the plaintiff, for the verdict was a general one for the defendant, showing that the set-off was not allowed by the jury.

The sixth paragraph of the answer avers that the plaintiff was indebted to the defendant in the sum of $394 75, and in consideration thereof, and of the release thereof by the defendant, the plaintiff had, before the commencement of this suit, "acknowledged full satisfaction of the judgment sued on, and the full and entire discharge of the defendant from all liability on account thereof, and in consideration of said indebtedness the plaintiff acknowledged the same in full accord and satisfaction of said judgment." The court below overruled a demurrer to this paragraph.

We are without the aid of any argument on behalf of the appellee. We are not able, thus situated, to perceive any sufficient ground upon which to maintain the action of the court upon this demurrer. The pleading thus held good is, it seems to us, faulty both in substance and form. It avers that the plaintiff "acknowledged" three things: satisfaction of the judgment, a full discharge of the defendant from liability thereon, and the defendant's demand against him as a full accord and satisfaction of the judgment. If by this it is meant to be shown that the defendant admitted these things, then the pleading is bad, because it avers merely inconclusive evidence of facts, instead of the facts themselves. Such admissions would not bar the suit, though they might tend to prove that which would be a bar. If the plaintiff executed a release of the judgment, or entered satisfaction thereof in the manner provided for by law, a copy of the instrument should have been made part of the paragraph. If there was an accord and satisfaction, it should have been alleged, instead of the mere acknowledgment of the defendant that there was such accord and satisfaction. Then a release of a debt of $394 fixed, is not of itself a sufficient consideration to support an accord and satisfaction of an ascertained debt of $998 against the party giving such release. *Fitzgerald* v. *Smith*, 1 Ind. 310, and authorities cited in the text and note. See also *Bateman* v. *Daniels*, 5 Blackf. 71, and note. The principle which runs through all the cases upon the subject is at war with the proposition that a matured money demand can be satisfied by a less sum than its full amount. The distinction between an accord and satisfaction and a release, in this particular, where the consideration of the latter is open to inquiry, as it now always is in this State, is without any substantial reason, and it may be, in a proper case, a question whether that distinction should be maintained; but that inquiry is not in the case before us, and we do not therefore enter upon it now.

A variety of questions are attempted to be presented by

the appellant upon instructions to the jury given and refused, and upon points of practice; but these questions are not discussed, and under such circumstances we do not feel called upon to notice them in detail. It never was intended that this court should be compelled to deliver voluminous opinions upon a great multitude of questions which the parties themselves deem of too little consequence to discuss in such a manner as to aid the court in arriving at correct results. We have looked into the whole record, however, and do not perceive any other available error in it.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrers to the fifth and sixth paragraphs of the answer, &c.

*C. C. Nave*, for appellant.