### SMITH ET AL. *v.* TYLER.

CONTRACT.—*Consideration.* — *Judgment.—Replevin Bail. — Injunction.*—An agreement of a judgment creditor to make one-half of the judgment out of the property of the judgment debtor, if the replevin bail would pay one-half of the judgment, if without any other consideration, is not binding on the judgment creditor, and the collection by execution of the residue of the judgment will not be enjoined. This is also the case where the judgment creditor agrees with a person that if the latter will become replevin bail he shall be released from any liability upon payment of one-half of the judgment; for the reason that the terms of the recognizance of the replevin bail cannot be varied by a contemporaneous oral agreement.

From the Warren Circuit Court.

*J. McCabe,* for appellants.

*J. M. Rabb,* for appellee.

DOWNEY, J.—Action by the appellee against the appellants, to enjoin the collection of a judgment. The complaint was in three paragraphs. To the first a demurrer was sustained. The jury found for the defendants on the second. The sufficiency of the third is called in question by the appellants, who assign for error the overruling of a demurrer thereto. That paragraph is as follows:

"The plaintiff complains further of the defendants and says, that on the 30th day of June, 1866, said defendant William C. Smith recovered judgment in the Warren Common Pleas Court against Abram S. Jones, Isaac S. Jones, William Jones, Cornelius V. White and plaintiff, George C. Tyler, for the sum of two thousand and twenty-eight dollars and eighty-eight cents; that said judgment was rendered without relief from valuation laws, and that said plaintiff and White were sureties for the indebtedness for which said judgment was recovered, and were jointly liable to pay the same; that upon said judgment Hiram Tyler and James Johnson became replevin bail, on the 6th day of October, 1866. Plaintiff further avers that said Cornelius V. White was, at the time said judgment was rendered, the owner of the following lands in Warren county, Indiana, to wit: the west half of the south-west quarter of section twenty-two, township twenty-one, range nine west; and the east half of the west half of the north-east quarter of section twenty-eight, township twenty-one, range nine west; and the east half of the north-east quarter of section, township and range aforesaid; also, the west half of the north-west quarter of section thirty-four, town and range aforesaid; and forty-four acres off the north end of the west half of the south-east quarter of section twenty-eight, town and range aforesaid. Plaintiff avers that said lands were reasonably worth twelve thousand dollars. Plaintiff further avers, that at the same time judgment was so taken by said Smith against the above-named parties, Daniel Claflin also recovered judgment against said White for the sum of one thousand one hundred and fifty-three

dollars and thirty cents, and William Haines recovered judgment against said White for one thousand three hundred and ninety-nine dollars and sixty-seven cents, and one Sidney Cronkhite recovered judgment against said White for the sum of one thousand one hundred and seventy-three dollars and seven cents, and one Elizabeth D. High recovered judgment against said White for the sum of one thousand one hundred and seventy-three dollars and twenty-eight cents, and one Elijah L. Gilman recovered judgment against said White for the sum of two hundred and ninety-four dollars and twenty-eight cents, and that the lien of said judgments attached on said lands at the same time. Plaintiff further avers, that afterwards all of said judgment creditors of said White caused execution to be issued, on their various judgments, to the sheriff of said county, and that, by a mutual arrangement made between said judgment creditors and the sheriff of said county, he levied the writ issued in favor of said Smith on the said west half of the south-west quarter of section twenty-two, town twenty-one, range nine west, upon which the writ in favor of Elizabeth D. High was also levied. Plaintiff further avers, that on the —— day of August, 1867, said Elizabeth D. High, or her assignee, bid off the south half of said tract of land for the full amount of her said debt, principal, interest and costs, and that previous thereto the said Claflin, Cronkhite, Haines and Gilman had bid off the balance of said lands for the full amount of their judgments, leaving the north half of said tract of land to satisfy said Smith's writ; and plaintiff avers that said forty acres of land was worth two thousand dollars. Plaintiff further avers, that on the 2d day of October, 1867, said forty-acre tract of land was offered for sale by the sheriff, to satisfy said Smith's writ, and that he bid it off at five hundred dollars. Plaintiff furthers aver, that said sale entirely stripped said Cornelius V. White of property subject to execution, and that he has ever since been utterly insolvent, and that any judgments recovered against him since then would be worthless, and that a judgment recov-

ered against him prior to said sales would have been a lien on said lands, and good to the extent of their value. Plaintiff further says, that at the time said Hiram B. Tyler became replevin bail on said judgment, and long before said sheriff's sale of White's realty, said defendant Smith assured plaintiff that he would make one-half of said judgment out of the property of said Cornelius V. White, and that on the payment by them of one-half of said judgment, he would release and absolve them from all further liability, and that he would never trouble them for but one-half of said judgment, and that prior to said sales he repeatedly assured plaintiff that he need feel no uneasiness about said judgment after their one-half was paid, as he could and would make the balance out of said White. Plaintiff further says, that he, on the 17th of May, 1867, paid to said defendant the one-half of said judgment, to wit, the sum of one thousand seventy-seven dollars and eight cents, and that after said writ in favor of said Smith had been levied on the real estate of said White, as aforesaid, and before any of said White's lands had been sold, said defendant informed plaintiff of the fact, and told plaintiff that the land would pay the other half of said judgment, and that he would see that it did, and that plaintiff should never be troubled with said debt again, plaintiff having previously thereto paid his one-half of said judgment. Plaintiff further avers, that said defendant did not claim or pretend to claim that this plaintiff was bound to pay him but one-half of said judgment, until long after he had bid said land in, as aforesaid, and until more than one year had elapsed from the date of said sales. Plaintiff further avers, that, had it not been for said assurances from said defendant that he would make the balance of said judgment out of said White, and that he released plaintiff therefrom, he could and would have paid said judgment in full, and taken his recourse on said White before his property had been sold and sacrificed, as aforesaid; but, relying on his, the said defendant's, assurances that he released and absolved them from further liability on said judgment after the pay-

ment by them of the one-half of the same, as aforesaid, and that he would make the balance out of White, they gave the matter no further attention, and took no steps to secure themselves. Plaintiff further avers, that on the faith of said Smith's promises to him not to enforce said judgment against him, he has contracted irrevocable engagements. Plaintiff further avers that said Johnson, replevin bail on said judgment, afterwards paid said defendant Smith the sum of five hundred dollars on said judgment. Plaintiff further avers, that Abram S. Jones, Isaac S. and William Jones have been, since said judgment was rendered, openly and notoriously insolvent, and have had no property subject to execution. Plaintiff further avers, that said defendant Smith now claims that there is now due him on said judgment the sum of three hundred and twenty-seven dollars and nineteen cents, and that he has caused execution to issue thereupon to said defendant Haines, the sheriff of said Warren county, and that said sheriff has, by order of said Smith, levied on the personal goods of said George C. Tyler, and is threatening to sell the same to satisfy said writ.

"Wherefore plaintiff prays that said defendants be enjoined from proceeding further with said writ against the property of said plaintiff, and that said defendant Smith be forever enjoined from causing any other writ to issue against the property of said plaintiff on said judgment, and that the same be declared satisfied as to plaintiff, and for all other proper relief."

We are of the opinion that this paragraph of the complaint is insufficient, and that the demurrer thereto should have been sustained. There was no consideration for the promise or assurance of Smith that he would make half of the amount of his judgment out of the real estate of White and would demand only one-half of the amount of the plaintiff. When a debt is due and not controverted, the payment by the debtor of part of it is no consideration for a release, or an agreement to release the whole debt. *Bateman* v. *Daniels,* 5 Blackf. 71, and note; *Fitzgerald* v. *Smith,* 1 Ind. 310,

Smith *et al. v.* Tyler.

and note; *Cameron* v. *Warbritton*, 9 Ind. 351; *Stone* v. *Lewman*, 28 Ind. 97; *Markel's Adm'r* v. *Spitler's Adm'r*, 28 Ind. 488; *Ritenour* v. *Mathews*, 42 Ind. 7. It is not claimed that there was any controversy about the indebtedness or any part of it. The part of it which was paid was not paid before it was due. The allegations amount to nothing more than an agreement, without consideration, that if the plaintiff would pay one-half of the debt when due, the creditor would make the other half out of the property of the co-debtor, and would not look to the plaintiff for any more than that one-half. It is attempted to strengthen the position of the plaintiff by stating what he would have done for his protection, if the defendant had not made the promise or given the assurance alleged. This does not render the invalid promise binding. The plaintiff must be presumed to have known that the covenant was not binding, and that he was at liberty to take any steps he could legally have taken to protect himself. The facts alleged cannot be construed into an estoppel.

For this ruling of the court, the judgment must be reversed. It is assigned as an error, however, that the court improperly sustained the demurrer to the first paragraph of the complaint. It is alleged, in substance, in this paragraph, that on the 30th day of June, 1866, the defendant .William C. Smith recovered judgment in the Warren Common Pleas against the plaintiff, Tyler, Cornelius V. White, Abram S. Jones, Isaac S. Jones and William Jones for two thousand and seventy-eight dollars and eighty-eight cents; that said Tyler, Cornelius V. White and William Jones were sureties for said Abram S. and Isaac S. Jones in the indebtedness on which the judgment was rendered, which fact was known to said Smith; that when the judgment was rendered and ever since, Abram S. and Isaac S. Jones have been notoriously insolvent. Plaintiff further says that said Cornelius V. White was the owner in fee simple, when the judgment was rendered, of certain real estate described, in Warren county, Indiana, of the value of twelve thousand dollars, liable for

the payment of said judgment; that on the 6th day of October, 1866, said defendant Smith proposed to one Hiram B. Tyler, that if he would enter himself as replevin bail on the judgment, he, Smith, would collect one-half of the same from the said White, and that upon his becoming such replevin bail at that time, and paying one-half of said judgment, he, said Smith, would release said plaintiff from any further liability thereon, and look to the defendants in the judgment for the balance of the same; that said Hiram B. Tyler, for the benefit of said George Tyler, and for the purpose of releasing him from the liability to pay more than one-half of said judgment, and in consideration of said Smith's agreement to release said plaintiff from said judgment on payment of one-half of the same, then and there accepted the proposition of said defendant Smith, and entered himself as replevin bail on said judgment; that prior to said date, to wit, on the 11th day of July, 1866, said plaintiff, George C. Tyler, paid on said judgment twenty-five hundred dollars; and that afterwards, to wit, on the 17th day of May, 1867, said Hiram B. Tyler, in pursuance of his contract and agreement with said Smith, paid said Smith on said judgment one thousand and fifty-two dollars and eight cents, which was received by said defendant in full satisfaction of all demands against plaintiff by reason of said judgment, and that said defendant, in violation of his contract and agreement with said Hiram B. Tyler, and in fraud of the rights of plaintiff, has caused an execution to issue to Haines, his co-defendant, sheriff, etc., against the plaintiff, said White, Abram S. and Isaac S. Jones and one James Johnson, who also became replevin bail on said judgment, requiring the said sheriff to collect of the plaintiff and said other parties the said judgment, etc., and the sheriff has levied said execution on the personal property of said plaintiff, and has advertised the same for sale, etc. Prayer for injunction, etc.

This paragraph of the complaint may be liable to the same objection that we have found to exist to the third,

but we think there is another valid objection to it. It sets up a parol agreement, made at the time the replevin bail became liable on the judgment, that neither he nor the plaintiff should be required to pay more than one-half of the judgment. This cannot be allowed, for the reason that it is an attempt to vary the terms of the recognizance of the replevin bail, by the allegation and proof of a contemporaneous oral agreement.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the third paragraph of the complaint.