No. 10,526.

## FLETCHER v. WURGLER ET AL.

JUDGMENT.—*Part Payment.*—*Agreement.*— *Consideration.*—*Accord and Satisfaction.*—The payment by A. of a part of a judgment against himself and others, upon an agreement of the plaintiff to hold A. harmless as against the judgment, is not an accord and satisfaction by A., and will not relieve him as against the whole judgment.

From the Marion Circuit Court.

A. C. Harris, for appellant.

D. V. Burns, C. S. Denny, J. R. Wilson and J. L. Wilson, for appellees.

Morris, C.—The appellant commenced proceedings against the appellees to revive a judgment obtained by him against the appellees Wurgler and Mettler and another, on the 14th day of November, 1867, for $387.67, and to reach certain property alleged to be in the possession of the appellees Fletcher and Churchman, belonging to the appellee Wurgler.

Wurgler and Mettler answered the complaint separately. It will not be necessary to notice but one of the answers, as we regard them as presenting the same question.

The third paragraph of the answer of Wurgler presents the facts upon which the whole contention between the parties rests. It is, in substance, as follows:

The defendant admits that a judgment was rendered against him and his co-defendants, as stated in the complaint. But he says that long after the rendition thereof, on the 6th day of May, 1871, while said judgment was unpaid, and while a proceeding was pending by the plaintiff against this defendant and his wife to subject certain property claimed by his wife (who was not a party to said judgment) to the payment of the same, and before any trial of said last named action was had, the plaintiff and this defendant entered into a written contract, whereby it was agreed by the plaintiff that if this defendant would pay to him the sum of $150, he would receive the same in full payment and satisfaction, and would hold this defendant harmless from said judgment; that the defendant thereupon paid to the plaintiff said sum of $150, and joined with this plaintiff in the execution of said contract, which was thereupon delivered to him, a copy of which is filed with this paragraph of the answer; that the cause then pending against him and his said wife was dismissed by this plaintiff, and no demand or claim was ever made by said plaintiff against this defendant on account of said judgment

until the commencement of this suit. Whereupon the defendant demands judgment.

The writing referred to is as follows:

"Being mutually desirous of settling the matters now in controversy between us, to the end that all litigation be avoided, it is hereby agreed that the said G. A. Wurgler is to pay said Thomas A. Fletcher the sum of one hundred and fifty dollars in full of all judgments, claims, and demands in favor of said Fletcher vs. said Wurgler, up to date; and the said Fletcher agrees to hold the said Wurgler harmless from all of said judgments, claims or liens as to said Fletcher or his assignees, and the said Fletcher hereby acknowledges the receipt of said sum of $150.       G. ADOLPH WURGLER.

"May 6th, 1871.       THOMAS S. FLETCHER.

"By DYE and HARRIS, his Attorneys."

The appellant demurred to this answer, as he did to the fourth paragraph of Wurgler's answer, which was, in substance, the same as the third. He also demurred to the third and fourth of the answer of Mettler, which were, in legal effect, the same as the third and fourth paragraphs of Wurgler's answer. The court overruled the demurrers to the answers. The appellant then replied to the answers, and the cause was submitted to the court for trial. Upon the request of the appellant, the court found the facts specially and stated its conclusions of law thereon, to which the appellant excepted. The finding was in favor of the appellees, for whom judgment was rendered.

The errors assigned bring in question the conclusions of law stated by the court and its rulings upon the several demurrers to the answers of Wurgler and Mettler.

It seems to be the settled law that where a debt is due, the receipt of a sum less than the whole debt, upon an agreement that the sum received shall operate as a discharge of the whole debt, is not a good accord and satisfaction, and can not be pleaded in bar of a suit brought to recover the balance of

the debt. *Fitzgerald* v. *Smith*, 1 Ind. 310; *Bateman* v. *Daniels*, 5 Blackf. 71; *Stone* v. *Lewman*, 28 Ind. 97; *Smith* v. *Tyler*, 51 Ind. 512.

The ground upon which this rule of law, which is not particularly favored by the courts, rests, is that such an agreement is without consideration. The receipt of less than the whole debt, if due, is no benefit to the creditor in a legal sense, for he was entitled to it; its payment could not legally prejudice or injure the debtor, for he owed the sum paid, and it was his duty to pay it. But where there is any additional consideration, however small, courts will uphold such agreements. As, if the debt is not due, though it has but a day in which to mature, the receipt of a sum less than the whole debt, will be held to be valid; and so if the sum is to be paid in commercial paper. *Wells* v. *Morrison*, 91 Ind. 51.

The question in the case before us then is, was there any other consideration for the contract relied upon as a bar than the $150 alleged to have been received by the appellant in full satisfaction of said judgment? If there was, the court did not err in overruling the demurrers to the several paragraphs of the answer; if there was no such additional consideration, the demurrers should have been sustained.

The appellees say there was a suit pending in favor of the appellant against Wurgler and wife, which, by the terms of the agreement, was to be, and in fact was, dismissed by the appellant. This is not strictly true in point of fact. There is nothing in the alleged agreement about the pending suit or its dismissal. Its dismissal by the appellant was, doubtless, the result of the agreement. But the dismissal of the pending suit by the appellant could not constitute any part of the consideration for his promise to receive the $150 in full satisfaction of the judgment now sought to be enforced. Such consideration must have proceeded from Wurgler, not from the appellant. It is further said that the parties, by the terms of the contract, expressed their mutual desire to avoid all litigation. This is true, and commendable enough; and for this

reason, no doubt, the appellant agreed to accept $150 in full satisfaction of a judgment for more than double that amount. The desire of the parties to avoid trouble and contention is generally the main inducement to contracts like that in question, but such desire is not recognized as constituting a legal consideration for such agreements.

It is also said that costs had accumulated in the suit then pending between the appellant and Wurgler and wife. This may be, but there is nothing in the agreement as to who should pay such costs. It is not alluded to in the written receipt or contract, nor in the answer, as constituting any part of the consideration for the promise of the appellant to receive the $150 in full satisfaction of said judgment. If, as a part of the consideration for the appellant's promise, Wurgler agreed to pay said costs, or any part of them, it should have been stated in the answer.

It is further said that the appellant agreed to save Wurgler from the payment of said judgment. But such a promise made by the appellant to the appellee Wurgler could hardly be claimed to constitute a good consideration for the promise so made. *Smith* v. *Tyler, supra.*

It is said by counsel that Wurgler was not a sole debtor, and that "the law is well settled that a creditor may receive a proportionate part from one of several debtors, and that a release to him is founded upon a good consideration, though payment of the whole debt was not made.

In support of this statement, counsel refer to 1 Parsons Contracts, p. 28; *Milliken* v. *Brown,* 1 Rawle, 391; *Russell* v. *Adderton,* 64 N. C. 417.

In the first of the above cases, the facts were quite different from the facts in this case, and the question was decided by a divided court. TOD, J., dissented.

In the case decided by the North Carolina court, what was claimed to be a release, contained this clause: "It being understood that this agreement is in no way to affect the liability of the other principals." The agreement was also un-

der seal.   As it appeared not to have been the intention of the parties to release others who were liable, the court construed the instrument as a covenant not to sue, which enabled the court to give effect to the release without in any way impairing the rights of the creditor against the other joint debtors.   No such construction can be given to the contract before us.   There is nothing in the contract to justify it.

We do not understand Parsons as supporting the position assumed by the appellees.

The contrary of the above proposition is held in many cases.   *Smith* v. *Bartholomew*, 1 Met. 276 ;   *Harrison* v. *Close*, 2 Johns. 448;  *Warren* v. *Skinner*, 20 Conn. 559.

In the case of *Smith* v. *Tyler, supra,* the plaintiff and others were the joint judgment debtors of Smith.   Smith agreed with the plaintiff, Tyler, that if he would pay one-half of the judgment, he would look to White, one of the judgment debtors, and his property, for the other half of the judgment, and brought suit to enforce the agreement.   His complaint was held bad upon demurrer.   The court says: " There was no consideration for the promise or assurance of Smith that he would make half of the amount of his judgment out of the real estate of White and would demand only one-half of the amount of the plaintiff.   When a debt is due and not controverted, the payment by the debtor of a part of it is no consideration for a release, or an agreement to release the whole debt."

The above case bears directly upon all of the questions in this case, and is, we think, in accordance with the weight of authority upon the subject.

The court below erred in overruling the demurrers to the third and fourth paragraphs of the answer of Wurgler, and also, in overruling the demurrers to the third and fourth paragraphs of the answer of Mettler.   As for these errors the judgment must be reversed, it is not necessary to examine the other questions discussed.

Per Curiam.—It is ordered, upon the foregoing opinion,

that the judgment below be reversed, with instructions to sustain the appellant's demurrers to the third and fourth paragraphs of the answers of the appellees Wurgler and Mettler, at the cost of the appellees.

Filed Oct. 19, 1883. Petition for a rehearing overruled Nov. 13, 1884.