Filed Feb. 22, 1894.

---

No. 16,611.

BEAVER v. FULP.

·CONTRACT.—*Consideration.*—*When Part Payment Will not Support a Promise to Cancel the Whole Liability.*—*Judgment.*—The payment of a part of one's liability is not sufficient consideration to support a promise to cancel the whole liability, where the liability is definitely ascertained and adjudicated; nor does the insolvency of the obligor create an exception to the rule.

From the Lawrence Circuit Court.

*M. F. Dunn*, for appellant.

*N. Crooke* and *W. H. Owen*, for appellee.

HACKNEY, J.—In the circuit court the appellee's demurrer was sustained to the appellant's complaint, and that ruling constitutes the only assignment of error in this court.

The complaint alleged, that the appellee had obtained

judgment against the appellant for fifteen hundred dollars and costs; that thereafter, at a time when the appellant was insolvent, as appellee well knew, and when he held "a reasonable ground of action against said Fulp by reason of matters of difference and dispute," he and the appellee agreed that the appellant should pay the fees of the witnesses called by him, said appellant, in the cause in which said judgment was rendered and which were adjudged and taxed against him, and that the appellee would pay all other costs and satisfy said judgment, and that "all matters in dispute between them should be adjusted and settled."

It is further alleged, that at said time they entered into a writing which was not said agreement, but a mere "general memorandum of the agreement already made;" that by the mutual mistake of the parties the scrivener omitted to state in said memorandum that said judgment was to be satisfied.

It is also alleged that the appellant paid his said witness fees, amounting to about fifty dollars, and appellee paid the remaining costs, but refuses to satisfy said judgment. Prayer that said memorandum "be amended and reformed to conform to the truth," and that said judgment be "vacated and satisfied."

The apparently conflicting views of the memorandum by the pleader render it difficult to state the theory of the pleading with relation to the agreement relied upon. The pleading and the argument of counsel in this court both deny that the memorandum constituted the basis of the demand, while the relief prayed was, in part, that said writing be reformed to state "the truth."

No importance is attached by the appellant to the allegation of the existence of "a reasonable ground of action against said Fulp by reason of matters of difference and dispute" between them, and in view of the general

character of the conclusion so pleaded, and the further fact that the complaint alleges that said matters of dispute related to said judgment "among other things," we can not regard it as influencing the principal question arising upon the complaint.

We are, therefore, confronted with this proposition: Is the payment of a part of one's liability sufficient consideration to support a promise to cancel the whole liability, where that liability is definitely ascertained and adjudicated? This inquiry is answered in the negative by the numerous and consistent holdings of this court. *Bateman* v. *Daniels*, 5 Blackf. 71; *Fitzgerald* v. *Smith*, 1 Ind. 310; *Cameron* v. *Warbritton*, 9 Ind. 351; *Stone* v. *Lewman*, 28 Ind. 97; *Markel's Admr.* v. *Spitler's Admr.*, 28 Ind. 488; *Ritenour* v. *Mathews*, 42 Ind. 7; *Smith* v. *Tyler*, 51 Ind. 512; *Fletcher* v. *Wurgler*, 97 Ind. 223; *Laboyteaux* v. *Swigart*, 103 Ind. 596; *Miller* v. *Eldridge*, 126 Ind. 461.

Or, as stated by other cases, a promise to pay one for what he is obliged to render has no consideration to support it. *Peelman* v. *Peelman*, 4 Ind. 612; *Ford* v. *Garner*, 15 Ind. 298; *Reynolds* v. *Nugent*, 25 Ind. 328.

We are unable to observe any circumstance in the facts alleged which takes this case out of the ordinary rule.

It is insisted that the alleged insolvency of the appellant defeats the rule, but no authority is cited in confirmation of the proposition. The rule rests upon the absence of consideration for the promise of the creditor. The insolvency of the appellant, of itself, does not establish any loss or inconvenience to the appellant or any benefit to the appellee. The rights of a third person are not involved; there is no agreement on the part of the appellant to waive his right of exemption nor to surrender anything that the law gave him or authorized him to retain. So far from benefiting the appellee, the

sum paid was owing, not to the appellee, but to appellant's witnesses, and for which the appellee recovered no judgment.

If we should regard the alleged memorandum as the agreement of the parties, and should accept its terms as stipulating all that appellant alleges was omitted it would make the case no stronger.

We are of opinion that the circuit court did not err in sustaining the demurrer to the complaint, and the judgment is affirmed.

Filed Feb. 15, 1894.