## PRINCETON COAL COMPANY *v.* DORTH.

[No. 23,906. Filed December 22, 1921. Rehearing denied February 23, 1922.]

1. ACCORD AND SATISFACTION.—*Payment of Less than Due after Due Date.*—Where a debtor pays his creditor at or after the due date less than the liquidated amount due, such payment is not satisfaction, as there is no consideration. p. 618.

2. ACCORD AND SATISFACTION.—*Payment of other than Agreed Consideration.—Satisfaction.*—If the debtor pays a different consideration than that stipulated in a contract, it may be satisfaction, even though what the creditor receives may seem of less value than that for which the contract calls, as the creditor, in accepting such consideration, is his own judge of the matter. p. 618.

3. ACCORD AND SATISFACTION.—*Payment of Less than Due before Due Date.—Presumptions.*—Where a debtor pays his creditor before the debt is due a less sum than the contract calls for at the due date, it must be assumed that the creditor deemed a lesser amount paid before the due date more advantageous to him than the whole amount on that date. p. 618.

4. ACCORD AND SATISFACTION.—*Payment of Wages in Advance of Pay Day.—Acceptance by Employe.—Effect.—Statutes.*—Where an employer paid his employes on the tenth and twenty-fifth of each month pursuant to §§7989a, 7989b Burns 1914, Acts 1913 p. 47, but when partial payments were requested before pay day, the employer deducted a certain per cent. for additional expense incurred for bookkeeping, etc., an employe was bound by his acceptance of the lesser amount in consideration of payment before it was due. p. 619.

5. MASTER AND SERVANT.—*Assignments of Wages.—Statute.—Scope and Applicability.—Discounts on Wages Paid before Pay Day.*—Section 7996 *et seq.* Burns 1914 Acts 1909 p. 76, as to assignments of wages, does not render illegal discounts made by an employer in making payments to employes at their request before pay day, the statute being inapplicable, as such transactions do not constitute an assignment of wages within the meaning thereof. p. 619.

6. APPEAL.—*Questions Reviewable.—Findings.—Failure to Save Exception.*—A party cannot claim on appeal that the findings

are outside the issues, where he fails to point to any exception saved. p. 619.

7. APPEAL.—*Presenting Questions for Review.—Briefs.—Pointing Out Exceptions.*—It is incumbent upon one claiming error to point, in his briefs, to the record, showing exceptions saved. p. 620.

8. APPEAL.—*Questions Reviewable.—Findings.—Applicability to Issues.*—Where, in an action by an employe to recover from his employer sums claimed to have been illegally deducted from his wages, he filed a bill of particulars itemizing the amounts so deducted, he could not claim on appeal that a finding that the employer was entitled to deduct one item, showing payment for goods at a store, was outside the issues and a surprise to him, on the ground that the answer was a plea of payment, and not of accord and satisfaction. p. 620.

9. MASTER AND SERVANTS.—*Contracts of Hire.—Wages.—Money Payment.—Waiver.—Statutes.*—Section 7981b Burns 1914, Acts 1911 p. 110, prohibits the making of a contract of employment providing for the payment of wages in anything except lawful money of the United States, but does not forbid the payment of wages after they are earned by property which the employe accepts as payment; and such acceptance is binding upon him. p. 621.

10. MASTER AND SERVANT.—*Payment of Wages.—Time.—Demand.—Statutes.*—Section 7989a Burns 1914, Acts 1913 p. 47, providing for semi-monthly payments of wages, and §7981 Burns 1914, Acts 1911 p. 110, requiring wages to be paid weekly on demand by employe are in derogation of the common law and penal, and an employe desiring weekly payment of wages under the latter section must invoke its operation by a clear and explicit demand. p. 621.

From Gibson Circuit Court; *A. P. Twineham,* Special Judge.

Action by Charles L. Dorth against the Princeton Coal Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Lucius C. Embree* and *Morton C. Embree,* for appellant.

*T. Morton McDonald,* for appellee.

TOWNSEND, J.—Appellee worked as a day laborer in and about appellant's coal mine from October 15, 1912, until November 30, 1916. There were about 200 other employes at the mine. Appellant paid appellee on the tenth and twenty-fifth of each month for the half month ending ten days previous to the day of payment. §7989a Burns 1914, Acts 1913 p. 47. From time to time during this employment the employes of appellant, including this appellee, made requests for partial payment of wages before the pay days. It was the practice of appellant and known to these employes, and to appellee, that when such payments were made there would be a deduction of ten per cent. of the sum paid; that this deduction was made, as claimed by appellant, because of increased bookkeeping, and because of additional expense incurred in paying appellant's banker. The aggregate of the various items of deductions made for payment before the wage was due is $190.70. There are also items paid to a store, aggregating $102.55, which items were also deducted from appellee's wages. The store was not owned by appellant. Appellee, during all the time he was so employed by appellant, acquiesced in the deductions of the several items for payments before the wage was due, and also the several items paid to the store for merchandise sold to appellee. Five days before each pay day appellee was given a statement showing these deductions.

This action was brought by appellee against appellant to recover these items. The answer was general denial and payment. The court found the facts specially and concluded that appellee was not entitled to recover the items paid at the store but was entitled to recover the $190.70, deductions because of advanced payments. To this latter conclusion appellant excepted, and on this it predicates error.

The consideration for the deductions from appellee's

wages is that they were paid before they were due. The wages earned from the first to the fifteenth of each month were due and payable on the twenty-fifth. The wages from the fifteenth to the last of the month were due and payable on the tenth of the next month. Appellant was bound under penalty to pay on the tenth and twenty-fifth of each month—at least after the 1913 act became effective. §7989b Burns 1914, Acts 1913 p. 47.

If a debtor pays his creditor at or after the due date less than the liquidated amount due, this is not satisfaction, because there is no consideration. *Fletcher* v. *Wurgler* (1884), 97 Ind. 223, 225; *Fitzgerald* v. *Smith* (1848), 1 Ind. 310; *Bateman* v. *Daniels* (1839), 5 Blackf. 71, and note citing Pinnel's Case, 5 Coke 117; *Stone* v. *Lewman* (1867), 28 Ind. 97; *Smith* v. *Tyler* (1875), 51 Ind. 512; *Beaver* v. *Fulp* (1894), 136 Ind. 595, 597, 36 N. E. 418, and authorities there cited. If the debtor pays a different consideration than that in the contract, it may be satisfaction, even though what the creditor receives may seem of less value than that for which the contract calls. Courts have no practical way to fathom the mental processes of the creditor in accepting a consideration different in kind than that in the contract. The creditor is his own judge in this matter. He is deemed to have seen something more advantageous in the consideration received than the consideration in the contract, even though it may appear to the court to be of less value.

When a debtor pays his creditor before the debt is due a less sum than the contract calls for at the due date, it must be assumed by the court that the creditor deemed a lesser amount paid before the due date more advantageous to him than the whole amount on that date. *Fletcher* v. *Wurgler, supra; Wells* v. *Morrison* (1883), 91 Ind. 51; *Bateman* v. *Daniels, supra,* and note citing Pinnel's Case, 5 Coke

117; *Quarle* v. *Jones* (1863), 20 Ind. 143; *Fensler* v. *Prather* (1873), 43 Ind. 119, 122. See also, monographic note to *Fuller* v. *Kemp* (1893), 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, at 790. This consideration moves to the creditor. The thing lost by the debtor is the right to stand on his contract and not pay until the due date. And if he, in consideration of this loss, demands and gets from his creditor a discount, courts are not required to inquire into the reasonableness or unreasonableness of the debtor's conduct in so demanding, nor of the creditor's conduct in accepting payment so reduced.

Appellee is bound by his acceptance of an amount less than the face of his claim, in consideration that he got it before it was due. It is contended, however,

4, 5. by counsel for appellee that the discounts for payment before due are illegal, because of a statute concerning the assignment of wages. §7996 *et seq.* Burns 1914, Acts 1909 p. 76. This has no application. The present case is not an assignment of wages in the sense of that act, and does not come within the purview of it. What we have here is an acceptance by an employe—who is not an infant, not a person of unsound mind, not under guardianship—of an amount less than the wages earned, in consideration of payment of wages before pay day. Appellee's counsel also contends that appellee had a right to have his wages paid each week, pursuant to §7981 Burns 1914, Acts 1911 p. 110. It is true that this statute gives him this right, *"if demanded."* But he did not demand it.

Appellee claims the findings are outside the issue, because there was no answer of accord and satisfaction. But he nowhere points to any exception saved.

6. Therefore he has waived his right to complain. The court erred in its conclusion of law allowing appellee to recover $190.70.

Judgment is reversed, with instructions to the trial court to restate the second conclusion and enter judgment accordingly.

Ewbank, J., dissents.

### On Petition for Rehearing.

Townsend, J.—Appellee contends that the principal opinion erred in holding that he presented no question as to the findings being outside the issue, and points to our language where we state: "But he nowhere points to any exceptions saved. Therefore he has waived his right to complain."

Appellee in his original brief referred to cross-error; but he nowhere pointed out an exception to any conclusion of law on which he assigned that cross-error. It is incumbent upon one claiming error to point to the record showing exceptions saved. The first conclusion that the court reached was that appellant was entitled to a credit of $102.55, paid for goods at a store. An exception to this conclusion of law would have presented a question for us to consider; but appellee in his original brief did not refer us to any such exception saved. We do not disagree with the authorities cited by appellee, to the effect that findings may not be outside the issue; but where appellee had an opportunity to reserve an exception to one of the court's conclusions, which exception would have raised this question, he should have done so, and should have pointed it out in his original brief.

We do not mean to imply that the findings are outside the issue. Appellee by the exhibit which he attached to his complaint, showed item by item the deductions from his wages and the dates thereof. His point would be, if presented, that he was surprised by not being confronted with an answer of accord and satisfaction instead of payment. This amounts to

claiming surprise at his own bill of particulars. A rule fails, where reason for its application fails.

Appellee contends again in his petition for rehearing, that §7981 Burns 1914, *supra,* controls this case. That is to say, that it shall be unlawful to enter into a contract to pay an employe under the circumstances of this case, in anything but lawful money of the United States, and that any contract to the contrary shall be void. The answer to this contention is, that it has no application. The contract between appellant and appellee was to pay in money. Making a contract which establishes the relation of employer and employe, is one thing; mutually settling what shall be paid after the work has been performed, before pay is due, is a very different thing. This is clearly indicated by Judge Elliott, in the opinion in *Hancock* v. *Yaden* (1889), 121 Ind. 366, at page 368, where he limited the opinion by this language: "We are not here concerned with the question of what parties may do after services have been performed, for here the question is, what contract may they make before the relation of employer and employe begins?"

Appellee further insists in the petition for rehearing that the facts found warrant the inference that he made demand for the payment of his wages each week. On the contrary the findings expressly show that the discounts were always 15 to 16 days apart during all of the time covered by the findings.

Statutes of the character relied on here are in derogation of common law. They give a new right to the employe. They impose a new and additional burden upon the employer. One section of the statute requires weekly payment of wages, if demanded; another authorizes the employer to pay on the tenth and twenty-fifth of each month. If appellee wants to exclude himself from the operation of one statute and invoke the operation of

the other, it is his duty to do so by a clear and explicit demand.    It is not for this court to become paternalistic to extend the meaning of these statutes beyond the clear legislative intent.    They are not only in derogation of common law, but are also penal.

Appellant and appellee operated under §7989a Burns 1914, *supra,* which provides for semi-monthly payments. If appellee wanted to bring himself within §7981, *supra,* which provides for weekly payment, he did not do so by asking for payments semi-monthly.

Petition for rehearing overruled.

Ewbank, C. J., dissenting.

## DISSENTING OPINION.

EWBANK, J.—The appellee sued the appellant to recover an alleged balance due for work done, and filed with his complaint an itemized statement of many different dates, listing a small sum as due on each of those dates.    Appellant answered by a denial and plea of payment, and on proper request the court made a special finding of the facts.    The finding recited that appellee entered the employ of appellant on October 15, 1912, and continued therein until November 30, 1916; that on October 30, 1912, he received from appellant wages on which appellant charged him a deduction of ten per cent. of the amount thus paid, in the sum of $4.30; and again, on November 16 and 30, 1912, respectively, he received from appellant wages for which like deductions of ten per cent. were made, in the sums of $3 and $3.40; that thereafter at the middle (the fifteenth or sixteenth) and end (the thirtieth or thirty-first) of each of many months, in a total of sixty-four times in the course of forty-nine and one-half months before his employment ended, he received sums of money for each of which he was charged ten per cent. of the amount paid to him, the sums thus charged to him which

he did not actually receive ranging from $1.30 to $4.60; that except for the wages so paid to him on said sixty-four different dates, and the total of the deductions thus charged to him, the appellant paid appellee on the tenth of each month for all work done between the fifteenth and the end of the preceding month, and paid him on the twenty-fifth for all work done between the first and the fifteenth of the current month, but there is no finding of how many times nor when appellee drew money on these regular pay days; that the payments on the tenth and twenty-fifth of the month, respectively, were made in pursuance of a custom of appellant to pay all its employes on those dates, which was known to the employes; but from time to time appellant's other employes, to the number of more than two hundred, also received payments of wages in advance of said pay days, when a deduction of ten per cent. of the amount so advanced was made; that such payments required additional bookkeeping by appellant (of a value not found), and it had to pay its banker $20 per month additional, but these reasons for charging the ten per cent. were not communicated to appellee; that the deductions were made, as wages were so paid, "with the knowledge and acquiescence of the plaintiff (appellee) but without prior agreement;" that five days before each regular pay day the appellant gave to each employe, including appellee, a statement of the hours he had worked, the sum he had earned, the deductions for anticipated payments and for the ten per cent. so charged, and the deductions for store accounts paid for him, and each time appellee receipted for his wages in full, "although in fact he received ten-elevenths of the amount of cash charged to him in each instance, so receipted for, and no more."

In other words, on sixty-four different occasions, about nine or ten days before each time chosen by ap-

pellant for its general pay day, it "advanced" to appellee an amount of wages already fully earned by him, less ten per cent. of the sum so paid, charging him a discount equal to one per cent. per day (or more) for the time he had the money before it would have been paid in regular course, and the amounts so charged to appellee for making such payments in advance of the regular pay day have not been otherwise paid to appellee than by making the charge on appellant's books for that accommodation. If it be granted for the purposes of the argument that under the issues in this case the appellant was entitled to prove, in each instance, an agreement upon a consideration to release the debt for wages earned upon payment, before the regular pay day, of ten-elevenths of the amount of such wages, and that an agreement to that effect could be implied from the acceptance of the advance payments and execution of receipts for the full amount, still I am unable to find in the finding of facts, as above set out, a valid consideration for the supposed agreement, even if it were made; and am convinced that such an agreement would be void under the express provisions of the statutes quoted below.

A statute requires that every mining company "shall pay each employe * * * if demanded, at least once every week, the amount due such employe for labor * * * in lawful money of the United States, and any contract to the contrary shall be void," and provides a penalty not exceeding double the amount of the wages, and a reasonable attorney fee, for failure to comply with such a demand. §§7981, 7983a Burns 1914, Acts 1911 p. 110.

Another statute provides that every employer "shall pay each employe thereof at least twice each month, between the first and tenth and between the fifteenth and twenty-fifth of each month the amount due such

employe, and such payment shall be made in the lawful money of the United States or by negotiable check, draft or money order, and any contract to the contrary shall be void. Such payment shall be made for all wages earned to a date not more than ten days prior to the date of such payment," under penalty for failure to do so. §§7989a, 7989b Burns 1914, Acts 1913 p. 47.

If I understand these statutes they require that in order to discharge a debt for wages earned they must be paid in money or negotiable paper, and a contract to release such a debt in consideration of anything else than money, such as the payment of part of the wages before they are due, is declared to be void. And as I understand them they require that wages for the first fifteen days of any calendar month shall be paid not later than the twenty-fifth of that month, and wages for the last half of the month not later than the tenth of the next month, if no demand is made, but, upon demand, all wages must be paid as often as once each week, in money or negotiable paper. So that, on the sixteenth or the thirty-first day of each month, when appellee drew ten-elevenths of the money he had earned, and was charged with receiving it all, he was not only forbidden by statute to make any contract to accept less than payment of the full amount of his wages, in money or negotiable paper, but he would have been entitled to receive immediately his two weeks' pay, in an amount larger than was actually paid to him, if he had demanded it, though in the absence of a demand he would not be entitled to receive it until ten days later. Under these statutes I do not think that payment of part of the accrued wages ten days before they absolutely would have become due, without demand, could amount to a substitute for actual payment, in money or negotiable paper, of the remainder of such wages, or to a consid-

eration for the discount of part of the debt for wages earned, or for an agreement by the employe to accept such prepayment in lieu of part of his wages, when a mere demand would have made them payable at once. In other words, where the appellee had an immediate right to payment of his full wages, in money, upon demand, and the parties were forbidden by statute to make any contract that he should accept anything else than money or negotiable paper for his wages, and appellant had knowledge that he wanted his money, his mere failure to make a formal demand for it did not give appellant a continuing right to withhold payment until a future definite date which could lawfully be exchanged with the appellee for one-eleventh of the wages earned, so as to release appellant from its statutory obligation to pay not later than the fifteenth and twenty-fifth of each month, in lawful money or negotiable paper, all wages earned up to within ten days before the pay day.

Being subject to be taken away at any time by a demand, appellant's right to withhold payment until the next regular pay day was without value; and agreements to substitute favors of any kind for actual payment of wages in money or negotiable paper being expressly forbidden by statute, an agreement to forgive one-eleventh of the wages earned in consideration that the remainder should be paid a few days before the time fixed for payment was without lawful consideration and void, in my opinion.

The conclusion of law that appellee was entitled to recover the amounts deducted from his wages under the alleged implied agreement was correct,. in my opinion, and I think the judgment should be affirmed.