Filed Oct. 9, 1894.

———————◆———————

No. 1,288.

SWOPE, ADMINISTRATOR, v. BIER.

PLEADING.—*Reply.—Accord and Satisfaction.—Sufficiency.*—The following paragraph of reply was made to an answer by way of set-off based on a note for $150: "Plaintiff, for * * reply to defendant's * * answer herein, says that on the —— day of June, 1887, the plaintiff sold and delivered to the decedent [plaintiff's action being on a claim against an estate] a span of mules, for the sum of $390, and that $150 of said purchase-price was to have been applied in full accord and satisfaction of the note set out in defendant's * * answer herein, and that said decedent accepted the same in full payment of said note, and promised to pay plaintiff the balance due her, which still remains due and unpaid."

*Held*, that the facts pleaded in the reply do not constitute a good accord and satisfaction, and do not constitute a bar to an action on the note.

From the Jackson Circuit Court.

*O. H. Montgomery*, for appellant.

*W. H. Endebrock* and *A. N. Munden*, for appellee.

DAVIS, J.—On the 29th of August, 1893, appellee filed a claim against said estate, based on two items :

1. Cash paid to decedent, January 20, 1886.... $90 00
2. Balance on mules, June, 1887 ............ 190 00
Interest on the two items aggregating......... 111 40

　　Total ............................$391 40

The fourth paragraph of appellant's answer was by way of set-off, founded on a note, as follows :

"MAY 2, 1877.

"Twelve months after date we promise to pay to F. M. Swope (guardian of Loraine R. Carter, Hr.), one hundred and fifty dollars, with interest at ten per cent. per annum from date. Value received without any relief whatever from valuation or appraisement laws.

"$150.00.　　　　　　　　"MICHAEL BIER.
　　　　　　　　　　　　　her
　　　　　　　　　　"ELIZABETH X BIER.
　　　　　　　　　　　　　mark
　　　　　　　　　　"JOHN REDDINGER."

The appellee replied to this answer as follows : " Plaintiff, for fourth paragraph of reply to defendant's fourth paragraph of answer, herein says that on the — day of June, 1887, the plaintiff sold and delivered to the decedent a span of mules for the sum of three hundred and ninety dollars, and that one hundred and fifty dollars of said purchase-price was to have been applied in full accord and satisfaction of the note set out in defendant's fourth paragraph of answer herein, and that said decedent accepted the same in full payment of said note, and promised to pay plaintiff the balance due her, which still remains due and unpaid."

A demurrer was overruled to this reply. No question arises on any of the other answers or replies, and it is not necessary to consider them further than to say that

the preceding paragraph of the reply was a plea of payment of the note mentioned in the answer.

The issues joined were submitted to the court for trial, and resulted in a judgment in favor of appellee for two hundred dollars and interest ($5.30) from date of filing the claim.

Two errors are assigned:

1. That the court erred in overruling the demurrer to the paragraph of reply above set out.

2. That the court erred in overruling appellant's motion for a new trial.

The paragraph of reply under consideration was not intended as a plea of payment. The theory of the pleader evidently was that the decedent had agreed to accept a sum less than the whole debt evidenced by the note, upon an agreement that such payment should operate as a discharge of the entire debt. The facts do not constitute a good accord and satisfaction, and can not be pleaded in bar of the right of action on the note. *Fletcher* v. *Wurgler*, 97 Ind. 223; *Smith* v. *Tyler*, 51 Ind. 512.

If it appeared in the reply that there was any additional consideration, for the discharge of the debt, the agreement would be upheld. It is not alleged that appellee was the wife of Michael Bier, nor that she signed the note as surety. Neither is any other reason given to excuse payment of full debt by her. The evidence is in the record, and it seems to be conceded by counsel that the finding of the court is based on the alleged balance for the mules. There was evidence tending to show that appellee's husband was indebted to the decedent on the note, also signed by her, hereinbefore set out, and that the decedent purchased the mules of her for four hundred dollars; that he paid her $50, agreed to credit the note for $150, and to pay her $200. Appellant's theory of the

transaction is that the purchase-price of the mules was $350, and that the entire purchase-price was paid, in manner as shown by the following receipt:

"VERNON TOWNSHIP, IND., June 10, 1887.

"Received of F. M. Swope, in purchase of mules, two hundred dollars in cash and one hundred and fifty dollars as credit on a note in favor of said F. M. Swope and against Michael Bier, Elizabeth Bier and John Reddinger, for the amount of one hundred and fifty dollars, and dated May 2, 1877, and bearing interest from date.

"ELIZABETH BIER."

The payment of the $200 and the execution of the receipt is controverted by appellee. In brief, the only question of fact in dispute on the trial was whether the $200 had been paid or was still due or owing.

We have carefully read the evidence, and find it conflicting. It is insisted by counsel for appellee, that the ruling on the demurrer to the reply, if error, is shown (by a reference to the evidence) to have been a harmless one. We are not prepared to agree with this proposition, even if we could look to the evidence, because there is a serious question in our minds as to whether the merits of the cause have been fairly tried and determined.

Judgment reversed, with instructions to sustain the demurrer to fifth paragraph of reply, the same being the fourth paragraph of reply to fourth paragraph of answer.

Filed Oct. 12, 1894.