Sheets, Administrator, *v.* Russell.

Filed June 12, 1895.

———————◆———————

No. 1,399.

SHEETS, ADMINISTRATOR, *v.* RUSSELL.

ACCORD AND SATISFACTION.—*Insufficient Answer.*—*Promissory Note.*— An answer of accord and satisfaction, in an action on a promissory note for $300, is insufficient which is in substance as follows: Subsequent to the date of said note, the defendant, on —— day of June, 1891, being financially embarrassed, and in failing circumstances, an oral agreement was entered into between the said maker and payee of the note, by the terms of which the payee agreed to accept the sum of $300 as payment in full of all claims, damages, judgments and notes which the payee held against the maker. It was further agreed in such contract, that the maker of the note would employ the payee to work in and around his lumber yard at the rate of $12 per week for the labor performed. The maker alleges that he did employ the payee under such contract, and did pay him in cash for all labor then performed up to the —— day of December, 1892, when the payee, of his own accord, voluntarily quit work; that the labor thus performed by the payee, in fact, was worth only $9 per week, but as a part consideration in securing the cancellation of all said notes, claims and demands, he paid the payee the extra sum of $3 per week for his work; that the said $300 was to be paid when the payee quit work for him; that he offered the payee the sum of $300 when he quit work, but that he refused to accept the same and cancel his obligation and return the notes, including the one sued upon; that he has paid the payee since he quit work, and before this suit was commenced, the sum of $400, the same being more than was due him under his contract of June —,1891; that by reason of the foregoing facts there is nothing due plaintiff on said note. Wherefore, etc.

From the Marion Superior Court.

*T. S. Rollins,* for appellant.

*D. A. Myers,* for appellee.

·DAVIS, J.—On the 14th of July, 1883, appellee executed to Benjamin W. Dakin his note, due at six months, for $300, with five per cent. attorney's fees and eight per cent. interest until paid. This action was instituted on the note on the 11th day of January, 1893.

No question arises on this appeal so far as the first and second paragraphs of the answer are concerned.

The third paragraph of the answer is as follows:

"For further answer to the said complaint, by way of third paragraph, said Russell alleges that subsequent to the date of said note, to wit, on or about the —— day of June, 1891, the defendant being financially embarrassed and in failing circumstances, an oral agreement was entered into between said Russell and said Dakin, by the terms of which said Dakin agreed to accept the sum of three hundred dollars ($300) as payment in full of all claims, damages, judgments and notes which said Dakin held against said Russell. It was further agreed in said contract that the said Russell would employ him to work in and around his lumber yard, at the rate of twelve dollars ($12) per week for the labor performed.

"Said Russell alleges that he employed said Dakin under the said arrangement, and did pay him in cash for all labor then performed up to the —— day of December, 1892, when said Dakin, of his own accord, voluntarily quit work. Said Russell alleges that the labor thus performed by said Dakin, in fact, was worth only the sum of nine dollars ($9) per week, but as a part consideration in securing the cancellation of all said notes, claims and demands, he paid said Dakin the extra sum of three dollars ($3) per week for his work. Defendant Russell alleges that the said three hundred

dollars ($300) was to be paid when said Dakin quit work for him; that he offered him the said sum of three hundred dollars ($300) on the said date when he quit work, but that he refused to accept the same and cancel his said obligation and return the notes, including the one sued upon. Said Russell further alleges that he has paid said Dakin since he quit work for him, and before this suit was commenced, the sum of four hundred dollars ($400), the same being more than is due him under his contract of —— June, 1891. By reason of the foregoing facts said Russell alleges that there is nothing due the plaintiff on said note. Wherefore he prays judgment for costs, and asks for all other proper relief.''

A demurrer was sustained to this paragraph of answer by the superior court in special term. Judgment was rendered in behalf of appellant for $559.35. On appeal to general term the judgment was reversed, with instructions to overrule the demurrer to the third paragraph of the answer.

The only error assigned in this court is that the superior court, in general term, erred in reversing the judgment of the court in special term.

The only question presented for our consideration is whether the answer is a good plea of accord and satisfaction.

In the first part of the answer it is alleged that Dakin agreed to accept three hundred dollars as payment in full of the note and all other claims. This agreement, to accept a sum less than the whole debt evidenced by the note in suit, was not sufficient. *Swope, Admr.*, v. *Bier*, 10 Ind. App. 613.

It is further alleged that Russell agreed to employ Dakin at the rate of $12 per week for labor performed in and around his lumber yard, and that he was to pay him the three hundred dollars when he quit work. Whether

Dakin was employed by Russell in consideration that he would accept less than the amount evidenced by the note in satisfaction of the debt, or because of the extension of the time of payment, is not alleged. It is alleged that the labor performed by Dakin was worth only the sum of nine dollars per week, and that as part consideration in securing the cancellation of the note he paid Dakin the extra three dollars per week for his work. How much Russell paid Dakin in the aggregate on account of such excess over and above the value of his work, is not shown. It is not alleged that such employment or payment was accepted and received by Dakin in full satisfaction and discharge of the note or that such was the agreement. *Renihan* v. *Wright*, 125 Ind. 536 (545).

It is alleged that when Dakin quit work Russell offered him the sum of three hundred dollars, and that he refused to accept the same and cancel the obligation and return the note. It is further alleged that after he quit work, and before the commencement of the suit, Russell paid Dakin four hundred dollars, but it is not shown that it was paid or accepted in discharge of the debt in suit. It is true it is averred that four hundred dollars was more than the amount due Dakin under the contract of June, 1891, but it is not shown that the payment was made in pursuance of that agreement.

In other words, under the rules for construction of pleadings, it may be said that Russell agreed to employ Dakin in consideration of the extension of the time of payment and that Dakin agreed to accept the extra $3 per week and the $300 when he quit work in satisfaction of the note. The agreement as to the term of the employment and the time of the extension of the payment was so indefinite that it could not be enforced by the courts further than it was executed by the parties. If, however, the employment was continuous from June,

1891, until December, 1892, the $3 per week and the $300 amounted to less in the aggregate than the sum due on the note, including interest.

It is urged in argument that Russell employed Dakin to work in his lumber yard as a consideration for the ac-cord and satisfaction of the note, but this is not the averment in the answer. The fair and reasonable in-ference is that the employment was in consideration of the extension of the time of the payment of the three hundred dollars and that the only consideration for the agreement to satisfy and discharge the debt was the three dollars extra per week during the continuance of the employment and the $300 to be paid when he quit work.

. However this may be, we are of the opinion that in any view which may be taken of the answer it is not a good plea of accord and satisfaction.

The judgment at general term reversed, with instruc-tions to affirm the judgment at special term.

Filed March 22, 1895; petition for rehearing overruled June 11, 1895,