## STANLEY v. IRWIN.

*Evidence*: REPLEVIN: FRAUD. In an action of replevin to recover personal property sold by the plaintiff, on the ground that the defendant represented the maker of certain promissory notes, taken in payment, to be good and solvent, when, in fact, he was at that time insolvent, and so known to be by the defendant, evidence that the maker was solvent when the notes became due, and at the time plaintiff claimed to have discovered the fraud, is admissible.

*Appeal from Tama Circuit Court.*

THURSDAY, JULY 25.

REPLEVIN for two horses. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*Stivers & Safely* for the appellant.

*Applegate & Kinne* for the appellee.

BECK, Ch. J. — Plaintiff's claim of title to the property, as shown by the pleadings, is based upon these facts : He sold and transferred the horses to defendant, receiving in payment a note on one Warnick, who was represented by defendant to be good and solvent. Plaintiff relied upon the representations thus made by defendant and, upon the faith thereof, parted with the property ; but they were false and so known to be by defendant, and made with the intent to defraud plaintiff, Warnick being in fact insolvent and wholly unable to pay the note. Plaintiff alleges a demand for the return of the property, and as an excuse for not returning the note to defendant, shows that it was lost. By an amended petition it is averred that, since the commencement of the suit, the note is found and is brought into court. The allegations of the plaintiff's petition and amended petition are denied by the answer of defendant.

Upon the trial plaintiff offered evidence tending to show that Warnick, at the time of transfer of the note by defendant, and at all times since, was insolvent, and that his condition was known to defendant at the time of the transaction with plaintiff.

Defendant offered to prove by a witness introduced by him, that " when the note became due and at the time

plaintiff claimed to have discovered the fraud, the maker of the note had a sufficient amount of property in this State liable to execution to pay all his debts, including this note." Upon plaintiff's objection this evidence was not admitted, on the ground that it should be confined to the time of the alleged misrepresentations made by defendant.

This evidence was certainly competent. If the note was collectible and the maker solvent at its maturity, plaintiff suffered no loss by the alleged false representations of defendant, and was entitled to no relief for, by reasonable diligence, which he was bound to exercise, he could have realized the amount due on the note, the very thing that he complains could not have been done. The insolvency of the maker of the note at its maturity, constitutes the very foundation of plaintiff's alleged injury by the fraud. If he suffered no injury he had no cause of action. *Wiley* v. *Howard*, 15 Md. 169.

For another reason the evidence should have been admitted. It tended to contradict plaintiff's testimony to the effect that Warnick was insolvent at the time indicated by him. The competency and materiality of the evidence is quite apparent.

II. The instructions given by the court, taken and considered as a whole, probably contain a correct expression of the law. The sixth is to the effect that the alleged false representations need not be proved in the precise words as laid in the petition, but the jury should be satisfied that the defendant meant to be understood by the plaintiff, that the maker of the note was good and solvent. The instruction should have been so qualified as to express the idea that the plaintiff understood the representations in the same way. While, perhaps, the same thought is found in another instruction, the modification suggested would have avoided the possibility of the jury being misled.

One or two of the instructions refused announce correct

rules, which, however, are substantially contained in those given. Their refusal, for that reason, was not error.

Other objections made by appellant need not be considered, as the judgment, for the error above pointed out, must be

Reversed.