HENDRICKSON v. HENDRICKSON.

1. **Contract: RESCISSION: FRAUD.** A contract cannot be rescinded by one party thereto unless both can be restored to the condition they were in before the contract was made. A party, however, who has fraudulently procured the execution of a contract is not entitled to an offer to restore as a condition precedent of rescission.

*Appeal from Dickinson District Court.*

SATURDAY, APRIL 26.

ACTION to recover specific personal property. Trial by jury. Verdict and judgment for the plaintiff. The defendant appeals.

*H. G. Day* and *E. B. Soper*, for appellant.

*I. H. Hawkins*, for appellee.

Hendrickson v. Hendrickson.

SEEVERS, J.—The plaintiff's husband is insane, and a guardian for his estate had been appointed previous to the trans-

1. CONTRACT: action out of which this action arose. The facts,
rescission:
fraud.           so far as necessary to be stated, are that defend-
ant claimed the estate of plaintiff's husband was indebted to
him in the sum of about one hundred and twenty-nine dollars, and he applied to plaintiff to pay the same. She, at
the time, had in her possession the property in controversy,
which belonged to her husband at the time he became insane.
After some controversy, as defendant claims, the plaintiff
agreed he might have said property at the price of two hundred dollars, which sum he agreed to pay as follows: Fifty-eight dollars on an indebtedness of the estate, eleven dollars
on an indebtedness of the plaintiff, and the balance was to
liquidate the amount due the defendant from the estate.

There was evidence tending to prove the aforesaid matters,
and that defendant had complied with the agreement on his
part. There was no evidence tending to show that the plaintiff had ever paid or tendered to the defendant the sixty-nine
dollars paid out by him under the contract, if any there was.
The plaintiff claimed she had let the defendant have said
property by reason of the fraud or duress of the defendant,
and the jury must have found the property was obtained by
the one or the other.

The defendant asked the court to instruct the jury as follows:

"4. If you find from the evidence that the defendant, as
part of the purchase price of the team, paid a debt due from
the plaintiff, and fifty-eight dollars money due from her husband's estate, for which the same was liable, then the plaintiff cannot rescind the contract and reclaim the property,
without placing the defendant in the same position he was
before the trade was made, by repaying or offering to repay
the money paid out by him, unless the defendant was guilty
of some fraud practiced upon her, and you should find for

the defendant; but if you find he practiced fraud she can recover without tendering what she received from him."

This instruction was refused, and the defendant excepted and assigns such refusal as error.

The general rule undoubtedly is that a contract cannot be rescinded by one party thereto "unless both can be restored to the condition they were before the contract was made." 2 Parsons on Contracts, 679. It follows, therefore, that before the plaintiff could rescind she must have paid or tendered to the defendant all that he had paid out under the contract, unless it had been obtained by fraud, which it is said constitutes an exception to the general rule. 2 Parsons on Contracts, 780. The foregoing instruction is in strict accord with this authority. It should, therefore, have been given.

There was no error in refusing the first three instructions asked by the defendant, because, if for no other reason, the element of fraud is omitted therefrom.

The instructions given by the court do not seem to have been excepted to.

REVERSED.