Laboyteaux v. Swigart et al.

No. 12,195.

## LABOYTEAUX v. SWIGART ET AL.

CONTRACT.—*Payment of Less than Whole Debt.—Consideration.*—Where one who is neither the debtor, nor under any legal or moral obligation to pay the debt represented by a judgment, agrees to pay a sum less than the whole, in consideration of the promise of another to pay the balance, such agreement is not within the rule that a debtor can not satisfy an uncontroverted debt, which is due, by the payment of a sum less than the whole amount; nor is it within the rule that a promise, the consideration of which is that another will do what he is already by law or contract bound to do, is without consideration.

SAME.—*Married Woman.—Husband's Debt.—Estoppel.—Subrogation.—Right of Action.—Election.*—L., a surety on a judgment against S., who was insolvent, agreed that if S.'s wife would sell her separate real estate, at a stipulated price, to M., the owner of an encumbrance thereon, and apply the excess over the encumbrance to the payment of the judgment, he would pay the balance. S. and wife, in pursuance of the contract, conveyed the real estate to M. and paid over to L. the excess. L. failed and refused to pay off the balance of the judgment. Suit by S. and wife to recover such balance.

*Held*, that the consideration upon which S.'s wife agreed to sell her real estate was, that the purchase-money should discharge the encumbrance and the judgment.

*Held*, also, that L., having received all the consideration he contracted for, is estopped to say there was no consideration for his agreement.

*Held*, also, that the fact that the balance of the judgment was paid by a co-surety will not release L. from the performance of his contract, such co-surety being subrogated to the rights of the judgment creditor.

*Held*, also, that L. having refused to perform his contract, S.'s wife could elect to treat the contract as rescinded to the extent of its non-performance, and the bringing of suit to recover such balance was such an election.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown*, for appellant.

*J. W. R. Milliner*, for appellees.

MITCHELL, C. J.—This action was commenced before a justice of the peace. When the cause came to the circuit court, a demurrer was refiled and overruled to the complaint, and it is now contended that this ruling was erroneous.

The complaint sets out, in substance, that at a given date Emma Swigart was the owner of a house and lot in the town of Newcastle, Indiana, which she and her husband, Jacob Swigart, Jr., had joined in mortgaging to L. P. Mitchell as security for a debt of $800 which they owed him. Jacob Swigart, Jr., at the same time owed McDorman a debt amounting to $342.15. This debt was in judgment, and the appellant Laboyteaux and Jacob Swigart, Sr., were liable as sureties for its payment.

The complaint avers that Jacob Swigart, Jr., was insolvent; that Laboyteaux agreed that if Emma Swigart would convey her property to Mitchell, who agreed to pay $1,154 for it, and turn over to him the excess after paying the encumbrance thereon, he would pay off the McDorman judgment, upon which he and the elder Swigart were sureties. In pursuance of this agreement the conveyance was made to Mitchell by Mrs. Swigart and her husband. The amount of Mitchell's mortgage was deducted from the purchase-price, and the excess, $207.29, turned over to Laboyteaux. This sum, with $65 additional, he applied on the McDorman judgment, leaving $65 of that judgment unpaid. Execution was then issued on the judgment and his co-surety, Swigart, Sr., was compelled to pay it. The complaint avers that Mrs. Swigart would not have conveyed the lot, and turned over the excess of money above the mortgage, but for the agreement of the defendant to pay off and satisfy the McDorman judgment. The suit is by Mrs. Swigart, her husband joining, to recover the $65 which Laboyteaux refused to pay.

It is contended, that to the extent that the appellant agreed to pay more than the amount of money turned over to him by Mrs. Swigart, the agreement was without consideration, and that, therefore, he is not liable for refusing to perform it.

It is settled that where a debt, the amount of which is not controverted, is due, the receipt from the debtor of a sum less than the whole, upon an agreement to discharge the debt,

is not a satisfaction, and the agreement to discharge can not be enforced. *Fletcher* v. *Wurgler*, 97 Ind. 223.

It is a general principle, too, that a promise to one to pay him if he will do that which by law or by contract he is already bound to do, is without consideration and can not be enforced. *Ritenour* v. *Mathews*, 42 Ind. 7.

The principles which control in such cases, however, are not applicable in this case. The debt, for the payment of which Mrs. Swigart made provision by the conveyance of her property, was not her debt. She was under no legal or moral obligation to pay it. She had the right to sell her property if she chose, and appropriate the excess after paying the encumbrance to her own use, instead of devoting it toward the liquidation of her insolvent husband's debt and the relief of his sureties. As she was neither the debtor nor under any legal or moral obligation to pay the debt represented by the judgment, her agreement to pay a sum less than the whole, in consideration of the agreement of the appellant to pay the balance, was not within the rule that a debtor can not satisfy an uncontroverted debt which is due, by the payment of a sum less than the whole amount. For the same reason, it was not within the other rule that a promise, the consideration of which is that another will do what he is already under contract to do, is without consideration.

The consideration upon which she agreed to sell her property was, that the purchase-price which she was to receive should discharge the mortgage and the judgment against her husband. It may be assumed that the purchaser was not willing to pay that much, and that she refused to sell for less. The appellant, rather than take the chance of paying more, agreed that if she would convey for the price Mitchell was willing to pay, he would, upon receiving the excess over the encumbrance, pay the balance and discharge the debt for which he stood as surety. Upon this consideration she conveyed away her property, and turned over $207.29 of her

money. She would neither have made the conveyance, nor turned over the money, but for the appellant's agreement. Having done both upon the faith of the agreement, it is too late after the appellant has accepted the money and relieved himself so far from the burden of the security debt, to say there was no consideration for the agreement to pay the balance. That was all the consideration he contracted for. The contract was one of a kind of which it may be said, there was no consideration for it at its inception, nor until it was performed on one side. When it was so far performed, however, that the appellant received all that he contracted for, the consideration was no longer in suspense. It attached and related back to its inception, and the contract became obligatory. He then came under a direct primary obligation to pay off the judgment according to his agreement. *Willetts v. Sun Mutual Ins. Co.*, 45 N. Y. 45; *L'Amoreux v. Gould*, 7 N. Y. 349. Having by his failure cast the burden of paying part of the judgment on his co-surety, he is not thereby exonerated from performing his contract by paying the money to the person entitled to receive it.

It is said that Mrs. Swigart is not injured by the failure; that the McDorman judgment is paid off, and that if any one is injured it is Swigart, Sr., the co-surety, who paid it. But the judgment is not paid off. So far as one of the sureties paid it as surety, he is subrogated to the rights of the judgment creditor, and may enforce the judgment against her husband if he can.

What the co-surety's rights may have been with respect to the contract of appellant, if he had signified his purpose to avail himself of it before Mrs. Swigart elected to sue for its breach and to recover the money not appropriated according to the agreement, we need not determine. We think, however, that until the co-surety had taken some step indicating his willingness to avail himself of the benefit of the arrangement made between Mrs. Swigart and the appellant, she was in a position to recover the money which the appel-

lant owed.   The appellant having refused to pay according to his agreement, Mrs. Swigart had the election to treat the contract so far rescinded as to enable her to recover the balance which he agreed to pay as money due her.   *Dotson* v. *Bailey,* 76 Ind. 434.

Bringing the suit to recover the money, after the appellant repudiated the contract, was an election on her part to treat it as rescinded to that extent, and the co-surety having paid the judgment without adopting the contract, if he could have adopted it before its rescission, left the appellant liable to the plaintiff.   *Berkshire Life Ins. Co.* v. *Hutchings,* 100 Ind. 496, and authorities cited.

There was no error in overruling the demurrer to the complaint.   The instruction upon which error is predicated involves the question already determined, and it need not, therefore, be further considered.

Judgment affirmed, with costs.

Filed Nov. 20, 1885.