The Citizens Bank of Grinnell v. Barnes & Sons et al.

---

THE CITIZENS BANK OF GRINNELL v. BARNES & SONS ET AL.

1. **Evidence:** EXCLUSION OF: ERROR WITHOUT PREJUDICE. The exclusion of evidence offered in support of a point already sufficiently established is, at most, error without prejudice.

2. **Surety:** INDEMNIFIED BY MORTGAGE: DISCHARGE BY EXTENSION OF TIME. Where a surety on a promissory note was indemnified by a chattel mortgage, which it was agreed should not be recorded, and which was, therefore, valid only between the parties, and the property was, without negligence on the part of the surety, taken under and appropriated to satisfy a prior lien, *held* that the surety was not indemnified in such sense that he could not claim to be discharged by an extension of time on the note, granted for a consideration and without his consent.

3. ———: DISCHARGE BY EXTENSION PROCURED BY FRAUD. Where the holder of a promissory note is induced by the fraud of the principal maker to grant an extension of time for a consideration paid, without the consent of the surety, the surety will stand discharged, notwithstanding the fraud, where the holder does nothing whatever to repudiate or rescind the contract for extension.

4. **Practice on Appeal:** COSTS OF USELESS ABSTRACT. The costs of an amended abstract filed without any necessity will be taxed to the party filing it, though he prevails on the appeal.

*Appeal from Poweshiek Circuit Court.*

FRIDAY, DECEMBER 17.

ACTION on a promissory note. The defendant Clark pleaded that he was a surety only, and that, for a valuable consideration, an extension of the time of payment had been given Barnes & Sons, without his knowledge or consent. The plaintiff pleaded, in a reply, that, at the time the extension was granted, Clark was fully indemnified by a chattel mort-

gage given by Barnes & Sons to secure the note sued on, and also that the extension had been procured by fraud. Trial by jury. Judgment for the defendant Clark, and the plaintiff appeals.

*Haines & Lyman*, for appellant.

*Winslow & Varnum* and *Norris & Preston*, for appellee.

SEEVERS, J.—I. To maintain the issue on its part, the plaintiff introduced in evidence certain parts of a petition in an action commenced by appellant against Barnes & Sons and others, to foreclose a chattel mortgage given by the latter to the appellee to indemnify him against loss on certain notes which he had signed as surety for the mortgagors. The parts of the petition so introduced in evidence described the property mortgaged, and stated that a copy of the mortgage was attached to the petition, marked "Exhibit A." The plaintiff offered in evidence the exhibit so attached, but, upon the objection of defendant that it was immaterial and not the original instrument, it was excluded. Counsel for the plaintiff insist that the court erred in so doing. The exhibit offered in evidence is set out in the record, and we are clearly of the opinion that, conceding that the court erred, the plaintiff was not prejudiced. The statements in the petition are fully as strong against the appellee as the mortgage. No possible benefit could have accrued to plaintiff if the copy of the mortgage had been introduced.

*1. EVIDENCE: exclusion of: error without prejudice.*

II. The mortgage was executed in June, 1885, and the extension granted in November thereafter. The plaintiff sought to prove the value of the mortgaged property at the time it was given, and it is in the same connection insisted that, when a surety is fully indemnified against loss, he becomes a principal, and cannot plead or rely on as a defense that an extension was granted to his principal. There is no evidence

*2. SURETY: indemnified by mortgage: discharge by extension of time.*

tending to show that the mortgaged property was ever in the actual possession of the appellee, and the court, in an instruction to which, as we understand, counsel do not object, submitted to the jury the question whether the appellee had received a mortgage on sufficient property to secure him against loss, and the jury have found he did not, upon the ground, we are authorized to suppose, that the evidence showed that the mortgage when given was not to be recorded, and in the meantime a mortgage on the same property, subsequently executed, but recorded prior to the appellee's mortgage, and which for this reason became the prior lien, exhausted the property. This question was submitted to the jury, and, as they have found for the defendant, we find it unnecessary to enter into a discussion of the authorities bearing on the question. The court held the law to be substantially as the plaintiff claims. But the jury have evidently found that the appellee was not indemnified. The mere fact that appellee had a mortgage which it was agreed should not be recorded, and which, therefore, was only valid between the parties, and the property, without negligence on the part of the appellee, was taken under and appropriated to satisfy a prior lien, certainly cannot be regarded as indemnity against loss. No adjudged case so holds, to which our attention has been directed. It is therefore immaterial what the value of the property mortgaged was.

III. It is a conceded fact that an extension was granted; and the undisputed evidence shows that it was in considera-

3. ———: discharge by extension procured by fraud. tion of the payment of $15.80 by Barnes & Sons, the same being the interest, in advance, on the note for the time the extension was granted. The fraud, if any was committed, consisted of certain representations made by Barnes & Sons, and it seems to be conceded that appellee is bound thereby. It was a controverted question whether the plaintiff could rescind or repudiate the contract without returning, or offering to return, the money received. It is an undisputed fact that it was not credited

on the note. The court held, and so instructed the jury, that the plaintiff could not rescind the contract for the extension on the ground of fraud, unless it had returned, or offered to return, the money received. The plaintiff contends that the court erred in this respect; and he cites and relies on *Hendrickson v. Hendrickson*, 51 Iowa, 68, and other authorities, holding, as is claimed, that, when a contract has been obtained by fraud, a party may rescind without returning what he received under the contract.

For the reasons presently to be stated, we deem it unnecessary to determine this question, but we desire to say that the *Hendrickson case*, just cited, cannot be regarded as having any bearing on this question. In that case we simply referred to the rule as stated in Parsons on Contracts, without approving or disapproving it, because it was unnecessary, for the reason that the defendant was content with such rule, and we said he was entitled thereto. We did not, however, determine he was not entitled to something better. We have looked through the evidence, and we are unable to find any which tends to show that plaintiff, at any time, did anything which in the slightest degree shows, or tends to show, a repudiation of, or an intent to rescind the contract. The truth is that, for reasons not necessary to be stated, the plaintiff claimed that appellee was a principal, and therefore he could not object to an extension of the time of payment of the note. When the plaintiff learned of the fraud, it was bound, in some way, to repudiate the contract, and notify the appellee or Barnes & Sons that it did so.

There is no evidence tending to show a rescission of the contract until the reply was filed in this case, which was five months after it was made. This clearly was too late. Upon the uncontroverted facts, we think the appellee was entitled to a verdict. The instructions and rulings of the court were more favorable than plaintiff was entitled to. If there was error in these respects, the plaintiff has no right to complain. In so saying, we refer to the fraud, and ques-

tions growing out of it. There was a conflict in the evidence as to whether appellee was a surety, and whether plaintiff knew such fact; but, with the finding of the jury as to such questions, we, under the settled rules of the court, cannot interfere.

The plaintiff moves to tax the costs of an amended abstract to the appellee, which we think should be sustained, for the reason that we think there was no necessity for filing it.

AFFIRMED.