THE WEBER COMPANY, Appellant, v. THE CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

Carriers: BAGGAGE: *Jewelers' samples.* Where plaintiff knew of a regulation of defendant railroad company forbidding baggage men to receive jewelers' sample cases for transportation as ordinary baggage, without the execution of a bond to release the company from liability in case of loss, he could not recover for the loss of such samples, though defendant's own agent induced its baggage man to receive the samples without the bond.

NOT LIABLE AS WAREHOUSEMAN. Plaintiff could not recover for the loss of such samples received by defendant's baggageman on the ground that they were lost because of defendant's negligence in its capacity as a warehouseman.

STATUTES AGAINST EXEMPTION BY CONTRACT: *Not applicable.* Code, section 2074, declaring that no railroad shall exempt itself from liability as a carrier by any contract, does not apply to a rule that a company's baggageman should not receive jewelers' sample cases for transportation as ordinary baggage unless the owner had secured a permit from the company.

RULES: *Waiver.* Where defendant railroad baggageman knowingly received a jeweler's sample cases for transportation as

ordinary baggage, contrary to a rule of the company, of which the owner had knowledge, there was no waiver of objections to receiving such merchandise as baggage, by defendant's refusal to refund any sum paid for excess baggage. Defendant was not bound to restore what rightfully belonged to it for carrying excess baggage and its retention did not make it liable for lost jewelry which it never contracted to carry.

*Appeal from O'Brien District Court.*—Hon. F. R. Gaynor, Judge.

Monday, January 28, 1901.

This action was commenced in 1891 to recover the value of certain jewelry contained in a jeweler's sample case, which was delivered by a traveling agent of plaintiff to the defendant to be transported as baggage. From a judg-for plaintiff upon a verdict, defendant appealed to this court, and the judgment was reversed. See 92 Iowa, 364. After the case was remanded to the lower court, plaintiff amended his petition, and another trial was had, at the conclusion of which the court sustained a motion to take the case from the jury, and directed the jury to bring in a verdict for defendant. From the judgment for defendant rendered on a verdict in pursuance of this ruling, the plaintiff appeals.— *Affirmed.*

*Geo. E. Clark* for appellant.

*Wright, Call & Hubbard* for appellee.

McClain, J.—The trunk containing the jewelry in question was one of two trunks checked by plaintiff's agent as the holder of a ticket entitling him to transportation as a passenger, and to have his baggage transported as a part of the same contract. When it appeared that the weight of the trunks was greater than the amount of baggage allowed to be carried free, plaintiff's agent paid 50 cents charges for excess baggage, and received a receipt therefor. Subsequently and before the trunks were placed in

the baggage car of the train, one of them disappeared, and it is for the contents of this trunk that action is brought. It further appeared on the trial that there was a rule of the company to the effect that agents must not receive jewelry sample cases for storage, or check them as baggage, under any circumstances, without the presentation by the passenger of a permit from the general office of the company, and that such permit could be secured only by executing a bond to hold the company harmless from all causes of action, claims, demands, and judgments, in excess of the sum of $50, which might arise or grow out of the transportation or storage by said company of such trunks and sample cases. It appears that plaintiff was fully advised as to the existence of this rule, and applied to the general office of the company for a permit, and tendered a bond in compliance with the regulation, but, upon this bond being returned to it as insufficiently executed, the plaintiff took no further steps toward furnishing a bond or procuring a permit, and sent its agent out with its sample cases, to be checked as general baggage. On the former appeal it was decided that a special finding of the jury to the effect that plaintiff had no knowledge of the regulation of the company in regard to sample trunks containing jewelyr was without support in the evidence; but that as to the second finding that the baggage agent of defendant when he checked the trunk in controversy as baggage knew, or had reason to know, that it was a jeweler's sample trunk, there was such conflict in the evidence as not to require a reversal on the ground that such finding was unwarranted. The court further held that, if plaintiff had good reason to know of the existence of the regulation, it was charged thereby as fully as though it had actual knowledge, and that an instruction requiring actual knowledge in order to make such regulation binding upon it was erroneous. If the plaintiff had such reasonable knowledge of the regulation with reference to jewelry sample cases, and the evidence of that fact is conclusive, then

it could not hold the company liable for jewelry samples,. even though its agent induced the baggage agent to check them without the permit required by the regulations. Plaintiff is directly chargeable with notice of the limitation of the power of the baggage agent to render the company liable for jewelry samples, except in the method prescribed by the regulation. We should not care to go as far as the Massachusetts court has gone, and hold that a baggage agent has not the implied authority to accept merchandise as baggage, waiving the objection on that ground. *Blumantle v. Railroad Co.*, 127 Mass. 322. But we do hold that where the agent's authority is expressly limited in this respect, and the limitation is known to the passenger, the act of the agent in violation of the regulation will not bind the company, unless something in the nature of a waiver of the regulation is shown, and there is nothing of the kind in this case.

Appellant, while apparently conceding that the defendant did not become liable for these jewelry samples as baggage, still insists that there was a liability for them as warehouseman, and that there was evidence to go to the jury that there was negligence on the part of the agents of the defendant in caring for the trunk such as would charge the defendant with loss thereof in that capacity. But the baggage agent had no more authority to receive these jewelry samples for the company as warehouseman than as carrier. His want of authority to receive them in any capacity was known to appellant, and therefore no liability on the part of defendant in that respect was incurred. Indeed, it is preposterous, under the plain facts of the case, to attempt to charge this defendant with more than $1,000 worth of jewelry without payment of extra compensation, except the compensation paid because of the weight of the trunks checked, and in the face of a known regulation that jewelry samples should not be received without a permit. To deliver to the agent of the carrier for checking trunks containing property of this character and value, without notice to the

agent of their contents, was a fraud upon the company, which would relieve the company from any liability whatever, even for gross negligence of its servants. In the case of *Dunlap v. Steamboat Co.*, 98 Mass, 371, which was a case involving the liability of a carrier for a sum of money in excess of that necessary for reasonable traveling expenses contained in a valise which was delivered to the carrier, the court said that the carrier did not agree to receive or transport money beyond a reasonable amount, or merchandise of any kind, and that he could not be held liable for any, even the smallest, degree of care for that which he did not agree to take into his possession and keeping; and it uses this pertinent language: "That is the exact difference between the class of cases where a carrier has by special contract given notice that he will not be responsible for loss of property beyond a certain amount and those cases where a concealment or deceit as to the nature and value of the property has been practiced on the carrier. As to the former, it has has been practiced on the carrier. As to the former, it has been held that the effect of such a notice is only to exempt the carrier from his extreme liability for property intrusted to him, but that he is still liable for a certain degree of care for property which he receives into his custody and undertakes to transport, although of greater value than that named in the notice which he has made public. But in the latter class of cases there is present the element of fraud or deceit, by reason of which the carrier has not entered into any contract for the care of property the knowledge of which has been concealed from him by the owner." Appellant seems to think that the provisions of Code, section 2074 (which was in force at the time this cause of action arose as section 1308, Code 1873), to the effect that no railway company shall by any contract, receipt, rule, or regulation exempt itself from the liability of a common carrier or carrier of passengers which would not exist had no such contract, receipt, rule, or regulation been made. have

some bearing on this case, and argues that the defendant had no right to make a regulation in regard to liability for jewelry samples. But any such position is clearly untenable. A common carrier of passengers is not bound to receive and become liable for merchandise as baggage. It may absolutely refuse to check as baggage that which is merchandise, and it may therefore make any regulations in regard to the waiver of those objections which it sees fit to adopt. If there is no waiver, then it is not liable to any extent for merchandise which is checked as baggage.

Finally, it is contended that the failure of defendant to tender a return of the 50 cents received for excess baggage is a waiver on its part of any objection that merchandise was checked as baggage. But this sum was received as above indicated, not for the transportation of merchandise, but for the transportation of excess-weight baggage. The payment of that sum was a necessary and proper condition to the checking of these trunks at all, and, when they were checked in compliance with the regulation requiring the payment of that sum as charges for excess weight, the defendant became entitled to the money which it received. It is not seeking to rescind any contract for fraud, but is simply seeking to avoid liability not involved in the contract which was made. The appellant got what was paid for; that is, the privilege of carrying excess weight of baggage. It did not get the privilege of carrying merchandise; for no such privilege was ever contracted for. This would be true if the agent had no knowledge that the trunk in question contained merchandise. But appellant contends that, if the baggage agent was chargeable with knowledge of the contents of the trunks, then, although he had no authority to bind the defendant by aceptance, the retention by defendant of the money received for excess baggage, after knowledge of the agent's action in excess of authority, would be a waiver of the objection, and render the defendant liable. It

would, however, constitute fraud on the part of plaintiff to induce the agent of defendant to receive these samples as baggage in violation of defendant's known rule, and with the purpose of holding defendant responsible therefor. In *Construction Co. v. Maiken,* 103 Iowa, 118, an exception is recognized to the general doctrine that one who seeks to disaffirm an unauthorized act of his agent must return the money received by the agent under such contract, to the effect that "one who attempts to rescind a transaction on the ground of fraud is not required to restore that which he would be entitled to retain either by virtue of the contract sought to be set aside or of the original liability." (Page 126, 103 Iowa.) And see *Bebout v. Bodle,* 38 Ohio St. 500; *Hendrickson v. Hendrickson,* 51 Iowa, 68. The excess charge was on both trunks. If they had contained nothing but personal baggage , the charge would have been properly received. The fact that appellant's agent fraudulently placed therein jewelry samples, even with knowledge of defendant's agent, but well knowing that he could not consent thereto, would not make it necessary for defendant to return this charge, lawfully received, in order to avoid liability for the merchandise. The lower court properly directed a verdict for defendant, and the judgment is AFFIRMED.

LADD, J., took not part.