OLE OLSON v. T. H. BRISON, Appellant.

**Arrest of judgment:** WHEN DENIED. Where the petition states a
1   cause of action for injury to property, and the evidence supports it by showing an expense in repairing the same, a motion in arrest of judgment on a verdict for plaintiff should be denied.

**Sales:** ACTION TO RECOVER PRICE PAID: 'RESCISSION: TENDER: PLEAD-
2   ING. Ordinarily notice of election to rescind and offer to return the property is a prerequisite to the commencement of an action at law to recover the price paid; but commencement of the action is sufficient notice of rescission, and where the evidence, offered without objection, shows that a tender of the property would have been unavailing, a failure to make or plead a tender is without prejudice, and a motion in arrest of judgment on that account should be denied.

**Same.** Where disconnected parts of a heating plant are so placed
3   in a building by the vendor that they cannot be removed without great injury to the building, failure of the vendee to return the same will not defeat his action to rescind the contract and recover the price paid for the plant, less the value of such parts.

*Appeal from Cherokee District Court.*— HON. WILLIAM
HUTCHINSON, Judge.

SATURDAY, FEBRUARY 10, 1906.

ACTION to recover the price paid for a heating furnace, and for damage, resulted in judgment against defendant, from which he appeals.— *Affirmed.*

*J. D. F. Smith,* for appellant.

*Herrick & Herrick,* for appellee.

LADD, J.— The petition alleged that defendant undertook to install in plaintiff's dwelling house a heating ap-

paratus in pursuance of the following agreement: " Cherokee, Iowa, March 24, 1901. This is to certify that I am to heat and ventilate Mr. Ole Olson's residence in country for said sum of $150.00 complete. Received payment in full, this furnace must work satisfactory. T. H. Brison." It then alleged the placing of the furnace; that owing to insufficient size, and being improperly put up, it failed to heat the house or work satisfactorily; that defendant, though notified, declined to have anything farther to do with it; that said furnace was utterly worthless for the purposes for which it was contracted, and for this reason the consideration failed. Judgment was demanded for the purchase price. Plaintiff also alleged that he was damaged in the sum of $50 in repairing injuries to the house caused by defendant and asked to be allowed therefor. The answer admitted the contract, and placing of the furnace, but denied all other allegations of the petition.

I. The verdict was against defendant, and thereupon he moved in arrest of judgment. The motion was rightly overruled. A good cause of action for injuries to the house was stated in the petition, which the evidence tended to sustain, for it appeared that defendant had expended $1 for labor in closing and repairing the floor where defendant cut openings.

1. ARREST OF JUDGMENT: when denied.

II. Ordinarily, before commencing an action at law to recover the price paid the vendee must give notice to the vendor of his election to rescind and offer to return the thing purchased. This is for the reason that the suit is for the consequences of rescinding, and is based on the ground that it has been effected. Technically, plaintiff's right to recover must be perfect when the suit is begun. But for the necessity of a tender, the commencement of the action for the consideration paid would be a sufficiently definite disaffirmance of the contract and an election to rescind. *Laboyteaux v. Swigart,* 103 Ind. 596, (3 N. E. 373);

2. SALES: recovery of price paid: rescission: tender: pleading.

*Thompson v. Peck,* 115 Ind. 512, (18 N. E. 16, 1 L. R. A. 201); *Howard v. Hunt,* 57 N. H. 467; *Skillman Hardware Mfg. Co. v. Davis,* 53 N. J. Law, 144, (20 Atl. 1080); *Huey v. Grinnell,* 50 Ill. 179; *Mobley v. Pickett,* 9 Ala. 97, (24 Am. & Eng. Ency. of Law, 645.) The object of the tender is to give the vendor the option of joining in the rescission and taking back the property at the earliest period. The vendee will not be permitted to play fast and loose down to the last moment. The petition contained no allegation of an offer to return the property; that is, to put the vendor in *statu quo,* as a condition precedent to demanding the repayment of the consideration paid. Nevertheless evidence that the furnace and other material had been safely stored and that defendant was at liberty to remove the same at any time was introduced, without objection, and defendant admitted while on the witness stand that when plaintiff asked him, shortly before the furnace was removed from the house, what he intended to do about it, he responded that he would have nothing more to do with the matter, and, farther, that he would not have taken the furnace had it been brought back then, and would not at the time of the trial. He would not have joined, then, in rescinding by receiving the property back, and any offer to return it would have been an idle and useless ceremony. If this was so, only an election to rescind was essential, and, as said, this was evidenced by the commencement of the suit. For these reasons, the motion to direct a verdict on the ground that evidence showed no effort to rescind by returning the property was rightly overruled. True, the petition contained no allegations with respect to a tender, but the evidence showing that it would have been of no avail, and that the furnace was held subject to defendant's orders, was received without objection; the parties thereby acquiescing in the disposal of the issue as though properly pleaded. Surely defendant has not been prejudiced by the failure to make or plead a tender and the Code forbids the reversal of a case,

because of any error not prejudicial to the rights of the parties.

III.   A register and two tin stacks within the wall were retained in the house.   The evidence indicated that they could not have been removed without great injury.

3. SAME.   They were disconnected from other portions of the heating apparatus, and were of the original value of $7 or $8.   The plaintiff was not bound to tear down the walls of his house in order to return these articles. As they were separate and placed beyond reach by defendant in executing his contract, he is not in a situation to complain if, upon rescission, they are not returned with the other property.   More than their value was deducted from the purchase price in making up the verdict.

The record is without reversible error, and the judgment is *affirmed.*