J. G. McElroy, Appellee, v. The Iowa Central Railway Company, Appellant.

**Baggage:** LIABILITY OF CARRIER FOR DELAY. A case of photographs of goods a commercial traveler is engaged in selling is not the ordinary baggage of a passenger which a railway company is required by statute to carry free of charge, and where the same is checked without disclosing the contents of the case the company is not liable in damages for delay in delivering the same.

*Appeal from Hardin District Court.*— Hon. W. D. Evans, Judge.

Thursday, March 7, 1907.

Action to recover damages. The opinion states the case. The appeal is by defendant.— *Reversed.*

*Geo. W. Seevers, J. H. Scales* and *Huff & Huff,* for appellant.

No appearance for appellee.

Bishop, J.— Plaintiff resides at Eldora, and is a traveling salesman engaged in selling furniture on commission. In making sales he used photographs furnished to him by his employer showing the various styles, sizes, etc., of the goods in which he dealt, and these were carried in a grip or sample case. In April, 1902, he bought a ticket for passage over the line of defendant's railway from Eldora to Abbott, paying therefor thirty-five cents. At the same time he procured his photograph case to be checked as baggage. It does not appear that anything was said to the baggage agent of defendant respecting the contents of the case. Upon arriving at Abbott, plaintiff left the train, and upon calling for his baggage it was found that the same had not been put off the train. He was compelled, as he says, to return to Eldora, where the photograph case was returned to him the next day. This action was commenced before a justice of the peace to recover damages for the consequent loss of time and expense. The defendant answered denying generally. The case was tried to the court without a jury.

Plaintiff as a witness was asked if he made demand for his baggage at Abbott, also if the same had been delivered to him. To such questions the defendant objected, for the reason " that what is claimed to be baggage is not such as the company is required to carry gratuitously for a passenger simply on payment of his fare. The baggage is in the nature of a commercial commodity, and the company is not required to carry anything of that kind free." The objection was overruled. On the subject of his damages, plaintiff testified, over objection, that he fixed the amount by taking the average of his daily earnings. At the close of plaintiff's evidence, defendant moved to strike the testimony of plaintiff having relation to the failure to deliver his baggage at Abbott, and as to the damages sustained by him, for the reasons:

(1) That the damage claimed by plaintiff was for photographs used in mercantile transactions, and it does not ap-

pear that defendant had any knowledge when the baggage was checked of such fact, or that the same was not regular baggage such as the railroad company usually carried for passengers, and so a fraud upon the defendant. (2) The evidence as to damage is incompetent and immaterial, for the reason that it is remote and not the proper measure of damages, but merely speculative because seeking to recover for the loss of profits based upon a commission purely. (3) The defendant asks that the evidence may be excluded and the case dismissed for want of proper cause of action.

This motion was overruled. The defendant offered no evidence, and the justice entered judgment in favor of plaintiff for the sum of $25 and costs. Thereupon the defendant filed affidavit for a writ of error. Therein was set forth the evidence taken before the justice, together with the objections made and rulings thereon, also the motion of the defendant and the ruling thereon. Errors were assigned based upon such rulings, also to the entry of judgment by the justice. A writ was allowed, and, upon the cause coming on for hearing in the district court, a finding was made and entered that the writ should be sustained and the judgment reversed on the ground that there was no competent evidence introduced before the justice of actual damages, and such justice was not warranted in awarding more than nominal damages, if any. The cause was accordingly ordered remanded to the justice for a new trial. The defendant took exception, and on its application an appeal to this court was allowed. It is said in argument that the appeal is taken " from so much of said order of the district court as over-rules the assignment of errors relating to the question of baggage, and to the motion to dismiss the case and for its refusal to enter final judgment in the case."

We think the district court erred in remanding the case to the justice for a further trial. It should have been dismissed. The photograph case was in no sense baggage. If not strictly speaking merchandise, it was intended to illustrate or represent merchandise offered for sale. Its use

therefore was purely .commercial. A railroad company is not bound to take everything offered to it as baggage and transport it free as such. The statutory requirement is that it shall accept and carry " ordinary baggage." Code, section 2077. And ordinary baggage is defined in general to be " such articles of necessity and convenience as are usually carried by passengers for personal use and comfort or protection," etc. 6 Cyc. 666. The property must have the characteristics of personal effects, and be carried for the passenger's use. Manifestly this excludes merchandise, and, by weight of authority, it excludes all property carried for trade purposes, or designed and intended to be used in connection with such purposes. 2 Am. & Eng. Ency. 539, and cases cited in the note. Thus, samples carried by a passenger in his trunk to be used in making sales of goods are not baggage, and it is immaterial that they are necessary to the object of the passenger's journey. 2 Am. & Eng. Ency. 533, and cases cited in the note. And there is no principle on which to distinguish between a case involving samples of the goods to be sold and one involving models or photographs intended to represent the goods to be sold. Now, as the defendant company was not bound to accept of the photograph case, and as plaintiff procured the same to be checked without disclosing the true character thereof, it must be said that damages caused by a failure to promptly deliver the same at the point of plaintiff's destination are not recoverable. *Weber v. Railway,* 113 Iowa, 188; 6 Cyc. 669.

It follows that the judgment of the district court must be reversed, and the cause is ordered remanded for such further proceedings not inconsistent with this opinion as may be necessary.— *Reversed.*