W. BERGSTROM v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

**Carriers:** BAGGAGE: LIABILITY FOR LOSS. A baggage agent has implied authority to receive for transportation as baggage, articles not ordinarily regarded as such, and in doing so the carrier is bound by his acts, unless the passenger is advised that the agent has exceeded his authority.

*Appeal from Linn District Court.—* HON. B. H. MILLER, Judge.

WEDNESDAY, MAY 8, 1907.

ACTION for value of a trunk checked as baggage over defendant's railway and lost. Verdict was returned for about one-tenth of the damages claimed, and judgment entered thereon. The defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Grimm & Trewin,* for appellant.

*Smith & Smith,* for appellee.

LADD, J.— The plaintiff purchased a ticket over defendant's railroad from Cedar Rapids to St. Paul, Minn.,

and procured two trunks to be checked as baggage, paying for excess weight seventy cents. One of these trunks, with its contents, was lost, and recovery for the value thereof is sought in this action. Defendant's liability for the contents of the trunk constituting plaintiff's personal baggage is conceded. But, aside from such personal belongings as travelers usually carry for their use, comfort, and convenience in making such a journey, this trunk seems to have contained a peculiar assortment of valuables, including a so-called " oriental seal " about four thousand years old and an art lecture and embroidery of the fourteenth or fifteenth century, representing five saints or apostles, each of which articles was thought by the owner to be worth $1,000 and all of the estimated value of $3,708.50.

The evidence was in conflict as to whether defendant's baggage master was advised that articles other than personal baggage were in the trunk when it was checked, and the sole question presented for our decision is whether, conceding that he was so informed, the company is bound by his act in receiving and checking the same as personal baggage, or, as put by appellant: Does notice to a baggage agent of a common carrier that a trunk or other receptacle containing the passenger's baggage also contains items not baggage bind the carrier and make it liable for the value of such items not baggage, lost in transit, where the authority of such agent is restricted to that of a baggage agent? Note, the inquiry is not whether the agent had authority to decide what was personal baggage, but, conceding that the articles were not such, could he bind the company by treating them as such in receiving them for transportation. It was held in *Weber v. Railway,* 113 Iowa, 188, that the carrier will not be held liable in such a case where the passenger knows the agent is prohibited by the company from receiving the articles and checking them for shipment as baggage. While plaintiff knew notice to the company that articles other than personal baggage were in the trunk was essential to render defendant

liable therefor in event of loss, see *McElroy v. Railway,* 133 Iowa, 544, he does not appear to have been advised of any limitation on the agent's authority, or that defendant's rules prohibited the carriage of other than personal baggage on passenger trains. For all that appears, he might have supposed that articles other than personal baggage would be received in connection therewith, or that the matter of determining whether this would be done was left with the baggageman. We are of the opinion that he had the right to suppose the baggage agent was the proper representative of the company to determine in what manner the trunk should be shipped.

The company as a common carrier was bound to receive the trunk for transportation, and whether it should be carried as freight, express, or as baggage was for it to decide. It was not unlawful for the company to carry it as baggage, and, as plaintiff desired it to be shipped as such, he must of necessity apply to some one representing the company to ascertain whether it would be so carried. To whom shall a passenger apply in such a case? There can be but one answer to this inquiry, and it is that he may rely upon the agent charged with the duty of receiving and checking baggage for transportation. The company by placing a baggageman in a room, appropriate for receiving trunks and other receptacles for carriage on passenger trains, supplying him with checks to attach, indicating their destination, and allowing him the sole control of checking and determining what shall be loaded on the baggage cars, necessarily holds him out to the public as having authority to decide what will be so checked, loaded and carried as baggage. Otherwise, it must be assumed to be common knowledge of which every one is charged with notice that railroad companies do not and will not carry as baggage anything other than the personal belongings of the passenger. This is not true, nor, as it is not unlawful, is it to be assumed in the absence of proof that the companies have any such rule. They are

free to carry articles other than personal baggage as such, and, as every one knows, make a practice of doing so, as for instance in carrying sample trunks of traveling salesmen. These may be carried under special contracts, but, if so, the public is not apprised thereof; and how is a passenger to ascertain this and upon what terms he too may contract to have articles other than personal baggage checked and carried as baggage? Quite naturally by applying to that agent of the company having charge of its baggage department. Certainly the duty of determining whether an article, though not such, may be shipped as baggage, is within the apparent scope of the baggage agent's authority, and the carrier is bound by his acts with reference thereto, unless the passenger is informed of restrictions upon such authority. The Supreme Court of Massachusetts has held otherwise, *Blumantle v. Railway,* 127 Mass. 322 (34 Am. Rep. 376), though, as we think, without advancing sound reasons for saying that the baggage master in receiving the articles was not acting within the apparent scope of his duty.

The great weight of authority is to the effect that he has implied authority to receive for transportation as baggage articles not ordinarily regarded as such, and that, if he does receive the same for transportation, the carrier will be bound by this act, unless the passenger is advised that in doing so he exceeds his authority. *Minter v. Railway,* 41 Mo. 503 (97 Am. Dec. 288); *Talcott v. Railway,* 159 N. Y. 461 (54 N. E. 1); *Trimble v. Railway,* 162 N. Y. 84 (56 N. E. 532, 48 L. R. A. 115); *Kansas, Ft. S. & M. R. Co. v. McGahey,* 63 Ark. 344 (38 S. W. 659, 36 L. R. A. 781, 58 Am. St. Rep. 111; *Waldron v. Railway,* 1 Dak. 351 (46 N. W. 456); 4 Elliott on Railroads, section 1649; 3 Hutchinson on Carriers, section 1251; 6 Cyc. 668.— *Affirmed.*