J. C. JONES & SON, Appellants, v. RILEY RHOADES, Appellee.

**Sales:** REPLEVIN: RESCISSION. Before an action for the replevin of property sold and delivered for a valuable consideration will lie, there must be a return, or offer to return, the consideration received therefor.

*Appeal from Shenandoah Superior Court.*—HON. GEORGE H. CASTLE, Judge.

SATURDAY, NOVEMBER 28, 1914.

ACTION at law in replevin to recover certain personal property. Trial to a jury, and, at conclusion of plaintiff's testimony, the court directed a verdict for the defendant. Plaintiff appeals.—*Affirmed.*

*Frederick Fischer* and *Roy E. Havens,* for appellant.

*Earl R. Ferguson* and *C. R. Barnes,* for appellee.

PRESTON, J.—Plaintiff sought to recover the possession of a wagon, buggy, and plow, claiming to be the owner thereof.

He states the alleged cause of detention to be that defendant purchased the aforesaid property from the plaintiff, but that defendant obtained possession by cheating by false pretenses, and that the consideration by the defendant is a promissory note signed by one Alfred Danielson, which is executed by a different Danielson than that represented by defendant, and that the note was worthless.

Defendant denies all the allegations of the petition, except that he admits that the consideration given by defendant to plaintiff for the purchase of the property was a promissory note signed by Alfred Danielson, denies that said note was executed by a different Danielson than that represented by defendant. Defendant further alleges that the $200 note referred to was only a part of the consideration, and that, as a further consideration, defendant paid plaintiff the sum of $5 in cash; that, in pursuance of said contract of sale, plaintiff delivered the property to defendant, and that plaintiff has no right, title, or interest thereto.

The plaintiff introduced evidence tending to show the false representation as to the person who had executed the note, and that the person so represented as the maker was not such, and attempted to show that the note was worthless. He proved that the maker of the note had a team and three horses and two colts, and that they were incumbered by mortgage. He did not attempt to show the value of the horses, but did seek to show the amount of the incumbrance by evidence which was incompetent, and which the trial court held to be incompetent upon proper objection.

The plaintiff made no effort to collect the $200 note, and did not offer to return the note or the $5 cash payment. In fact, the record shows that, at the time suit was brought, the note was held by a bank. The evidence does not specifically show that it was so held, but it was shown that the note was in the bank until three weeks before the trial. The trial commenced September 10, 1912, and the petition was filed July 30, 1912, more than three weeks before the trial. The note had

been negotiated by plaintiff to the bank and afterwards taken up by the plaintiff. The note was not due when this suit was commenced. It matured September 7, 1912.

The principal point in the case is whether it was necessary for plaintiff to tender or offer to return the $200 note and the $5 before commencing suit. The appellant contends that, where fraud is shown, there was no contract, no meeting of the minds of the parties, and contends that if the terms of a contract are agreed to, but the contract never consummated, and under such circumstances defendant obtains possession of goods surreptitiously and without the consent of the other party, such other party can recover without rescission of the contract, citing, among other cases, *Stanley v. Irwin*, 34 Iowa, 418. Such is not the situation here. There is no evidence to show that defendant obtained possession of this property surreptitiously or without the consent of the plaintiff. If the property was obtained by fraud (that is, if the sale was made because of false representations to the plaintiff), it would be voidable, but is binding until plaintiff takes some steps to disaffirm or rescind the contract. The *Stanley* case does not sustain the proposition just referred to, as we shall show in a moment.

Appellant also contends that the return of money or property received on a contract of sale induced by fraud is not a condition precedent to the commencement of a suit in replevin, citing *Sisson v. Hill*, 18 R. I. 212 (26 Atl. 196, 21 L. R. A. 206); 35 Cyc. 514; *Stanley v. Irwin, supra*.

The *Sisson* case, *supra*, does so hold, but in the note it is said that that case is far in advance of the doctrine generally maintained on this question; that the rule is that, to entitle one party to rescind for fraud a contract into which he has entered, he must return, or offer to return, all he has received under the contract; that the weight of authority is that the contract must be rescinded before replevin will lie, which makes a return, or offer to return, a condition precedent to the bringing of the action; that the rescission must be made

by an offer to place the wrongdoer *in statu quo,* and some of the notes cited to that case hold that a worthless note must be returned.

In the citation from Cyc. it is said that the return of the consideration is not essential as a condition precedent to action, if it is worthless. But it must be borne in mind that in the instant case there was a payment of $5 in money in addition to the note, and the principle is the same whether the cash payment be $5 or $50, and we are not satisfied, from the evidence, that the $200 note was worthless. The maker of the note was a young man, twenty-four years of age, and according to the evidence had seven horses and colts, the value of which was not shown, nor was the incumbrance thereon shown, and, as stated, the plaintiff made no effort to collect the note.

The *Stanley* case does not sustain appellant in either of the propositions upon which the case is cited. In that case plaintiff offered evidence tending to show that the maker of the note was insolvent. Defendant offered to prove that, when the note became due, the maker of the note had a sufficient amount of property, liable to execution, to pay all his debts, including this note, and such evidence was excluded. That is the only point decided in that case, and the court held that the evidence was competent, saying:

If the note was collectible and the maker solvent at its maturity, plaintiff suffered no loss by the alleged false representations of defendant, and was entitled to no relief, for by reasonable diligence, which he was bound to exercise, he could have realized the amount due on the note, the very thing that he complains could not have been done.

In the case of *Hendrickson v. Hendrickson,* 51 Iowa, 68, language is used from which it might be claimed that the authority sustains appellant's contention, but that case was reversed because of the refusal of the court to give a requested instruction. The requested instruction was asked by the al-

leged wrongdoer, and as explained in *Citizens' Bank v. Barnes,* 70 Iowa, 412, the ruling was on the ground that he was entitled to as much as he had requested at least; the court being content not to say whether he-was entitled to something better.

There is a class of cases holding that one who attempts to rescind a transaction on the ground of fraud is not required to restore that which he would be entitled to retain either by virtue of the contract sought to be set aside or of the original liability, and we find the *Hendrickson* case cited in a number of such cases to sustain that proposition. See *National Improvement Co. v. Maiken,* 103 Iowa, 125, 126; *Dillon v. Lee,* 110 Iowa, 156, 161; *Eastern v. Somerville,* 111 Iowa, 164, 175; *Weber Co. v. Railway,* 113 Iowa, 188, 194.

In *Rose v. Eggers,* 148 Iowa, 306, the *Hendrickson* case is again referred to, and it is said of the *Hendrickson* case:

The case is again referred to in *National Imp. & Const. Co. v. Maiken,* 103 Iowa, 118, as announcing an exception to the general rule exacting an offer to return, evidently without having noticed the explanation in the later decision, but this was dicta and in no wise essential to the determination of the question under discussion.

And in the *Rose* case it was further said:

An offer to restore the stallion, unless waived, was essential as a condition precedent to the maintenance of the action, and whether there was such waiver was put in issue by the evidence.

The situation in the instant case is not like that in the cases cited. The plaintiff was not entitled to retain the note and money if the contract was set aside; that is, he may not recover in this action the .property itself and, in addition thereto, keep the money and the note.

In *Olson v. Brison,* 129 Iowa, 604, Mr. Justice Ladd, speaking for the court, said:

Ordinarily, before commencing an action at law to recover the price paid, the vendee must give notice to the vendor of

his election to rescind and offer to return the thing purchased. This is for the reason that the suit is for the consequences of rescinding, and is based on the ground that it has been effected. Technically plaintiff's right to recover must be perfect when the suit is begun. But for the necessity of a tender, the commencement of the act for the consideration paid would be a sufficiently definite disaffirmance of the contract and an election to rescind. [Citing cases.] The object of the tender is to give the vendor the option of joining in the rescission and taking back the property at the earliest period. The vendee will not be permitted to play fast and loose down to the last moment. The petition contained no allegation of an offer to return the property; that is, to put the vendor in *statu quo*, as a condition precedent to demanding the repayment of the consideration paid.

In that case the defendant admitted, while on the witness stand, that the property would not have been taken, had it been brought back, and this was held enough to obviate the necessity of a tender.

In the instant case, there was a contract of sale of the property by plaintiff to defendant. The books lay down the rule that where the party undertaking to rescind has received money or property under the terms of the agreement sought to be avoided, to which he has no claim other than by virtue of the contract, the rule is of universal application that an offer to return, unless the necessity therefor has been obviated by conduct of the other party constituting a waiver, is essential as a condition precedent to the maintenance of an action at law for the recovery of property alleged to have been fraudulently procured. Bishop on Contract, section 679; Beech on Modern Law of Contracts, 792; *Perley v. Balch,* 23 Pick. (Mass.) 283 (34 Am. Dec. 56) ; *Sheldon Axle Co. v. Scofield,* 85 Mich. 177 (48 N. W. 511) ; *Masson v. Bovet,* 1 Denio (N. Y.) 69 (43 Am. Dec. 651) ; *Balue v. Taylor,* 136 Ind. 368 (36 N. E. 269) ; *Rose v. Eggers,* 148 Iowa, 306.

As before stated, such a contract is voidable only. The injured party may confirm it and sue for damages, if he

chooses, or he may disaffirm it, in which event fraud destroys the contracts *ab initio*, and no reason can be assigned for permitting the party undertaking rescission to retain the property received, and at the same time demand the return of that which he had been wrongfully induced to part. If the defendant was guilty of fraud, the election to rescind was entirely upon the plaintiff. He could elect to rescind or not to rescind. The defendant could make no such election. He was bound by the terms of the contract.

In *Rose v. Eggers, supra,* the doctrine of the cases last cited is recognized by this court, and again in *Lake v. Dredge,* 158 Iowa, 725, 728.

In *Leek v. Chesley,* 98 Iowa, 593, cited by appellant, the question of return of consideration was not involved, but only the question of demand, which is an entirely different proposition. The holding in that case was, in substance, that demand is not necessary before beginning an action to replevin a horse of which both parties claim absolute ownership.

From what we have said, it follows that the trial court properly directed a verdict for the defendant on the ground that there was no offer to return the money and property. Other errors are assigned, but they relate to the admission of evidence, but none of this testimony relates to the question of tender or offer to return.

The point suggested is decisive of the case, and it is unnecessary to refer to such other alleged errors.—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.